SAMPLE v. AMERICAN SODA FOUNTAIN CO. et al.

(Circuit Court, E. D. Pennsylvania. December 26, 1903.)

No. 1.

**1. PATENTS—INFRINGEMENT—SODA FOUNTAIN APPARATUS.**
    The Sample patent, No. 498,962, for a draft tube for soda-water fountains, was not anticipated, and shows patentable invention, but is entitled only to a narrow construction, which restricts it to the particular mechanism shown and described. Claims 1 and 5 also *held* infringed.

In Equity. Suit for infringement of letters patent No. 498,962, for improvements in draft tubes for soda fountains, granted to George W. Sample June 6, 1893. On final hearing.

William G. Henderson, for complainant.

Joshua Pusey, for respondent.

J. B. McPHERSON, District Judge. The complainant is the inventor of an improvement in draft tubes for soda-water fountains, and is the owner of letters patent therefor, No. 498,962, granted June 6, 1893. The following extract from the specification describes the nature of the invention, and explains the purposes it is intended to serve:

"My invention relates to draft tubes for soda-water dispensing apparatus, and has for its object to provide an improved draft tube wherein the valve which controls the discharge of the soda-water into the glass or tumbler is provided with one passage or channel for the discharge of the water in a forcible stream or jet for the purpose of mixing the sirup and the water, and with a plurality of passages or channels for the passage of separate streams or jets of the water to be mixed with the sirup and served to the user, the said plurality of passages or channels other than the channel for the jet to mix the water and sirup being connected with a common inlet port therefor, and the passage or channel for the mixing stream or jet being connected with another port, so that, while there will be at least three passages or channels within the body of the valve for the passage of the water, there will be only two inlet ports for the series of channels or passages, whereby is obtained a better distribution of the soda-water, with a construction requiring less labor in its operation, and in which loose or leaking joints are not so liable to occur.

"It further consists in providing the two channels or passages through which passes the water to mix with the sirup with a series of perforations extending outwardly in an upward direction, so that the water will be projected upwardly in a series of small jets, and be then directed by a conical nozzle to the glass in a copious but in a quiet or gentle flow, so that the glass can be filled in less time than otherwise, and the overflow of the glass guarded against.

"It further consists in means for readily adjusting the valve against its seat so as to easily and quickly take up any wear as it occurs, and thus insure a close joint between the valve and its seat.

"It further consists generally in features of construction and arrangement hereinafter particularly described."

The claims said to be infringed are Nos. 1 and 5, which are as follows:

"(1) In a soda-water draft tube having a port for the inlet of the water, a valve formed with separate ports adapted to be alternately brought into communication with said inlet port and formed with a passage or channel leading

from one of said ports for delivering the water in a forcible stream or jet, and with a plurality of passages or channels leading from said other port adapted to divide the water received through said port and deliver it in independent streams or jets, substantially as and for the purposes described."

"(5) In a soda-water draft tube, the combination with a valve seat portion formed with an inlet for the water and with a chambered portion to receive the valve, of a valve fitted in said chambered portion, and formed with separate ports, adapted to be alternately brought into communication with said inlet port, and having a passage or channel leading from one of said ports, and a plurality of passages or channels leading from the other port, and adapted to divide the water received from said port into separate flows, means for adjusting and for holding said valve against its seat, and means for operating said valve, substantially as and for the purposes described."

It is clear from the evidence which has been offered concerning the prior art that "the essentially novel feature of the patent in suit"— to use the language of the complainant's expert—is "a valve element having two ports, one of which leads into a single passage or channel, and the other of which communicates with a plurality of passages or channels branching out from a single port, and either of which valve ports may be brought into communication with an inlet at the pleasure of the attendant, by turning a single part." Indeed, it seems to me that one might safely declare the distinguishing feature of the invention to be the plurality of passageways by which the coarse stream is formed; and, this being so, the patent can only be saved, in my opinion, by restricting it narrowly to the particular device shown and described by the specification and drawings. If a broad construction is given to the claims in suit, they are probably anticipated by the two patents issued to W. P. Clark—No. 138,615, granted May 6, 1873, and No. 358,650, granted March 1, 1887. Both these patents show devices for reducing the pressure of the gas upon the soft, or coarse, stream, that differ from the complainant's device only as an orifice differs from an inclosed passageway or pipe. While the first Clark patent shows only one orifice (from which the stream is directed into an outer nozzle, where the pressure is still further reduced), the second Clark patent shows a plurality of orifices, and is therefore more like the patent in suit. I am not insensible to the strength of the defendants' argument that the complainant's pipes or passageways are mere extensions or prolongations of the orifices of the prior art, and are therefore either anticipated by the Clark patents, or do not disclose patentable invention; but I am bound to save the patent if this be reasonably possible, and I think such a result may fairly be reached by a narrow construction, which restricts the complainant to his particular device, but leaves him with a visible distinction from the prior art, and a distinction that I cannot say is devoid of patentable invention. My principal reasons for holding the invention to be patentable are the presumption of novelty arising from the grant, and the fact that the defendants think so well of the device that they use it themselves, although they control the Clark patents, and can therefore employ the orifices freely, if these produce as good results. It is clear to my mind that both of the defendants' tubes are infringements, for each tube has the complainant's characteristic passageways, while the other elements of the claims in suit are also readily found in each. The only difference is that, while in the complainant's device the passageways

are formed in the movable member of the valve, the defendants form these passageways in the stationary member of the valve. But this, I think, is a mere transposition, that may be disregarded, for the transposed passageways perform practically the same functions, and produce substantially the same results, in either member of the valve.

The usual decree may be entered in favor of the complainant.