### SAMPLE v. AMERICAN SODA FOUNTAIN CO. et al.

(Circuit Court, E. D. Pennsylvania. January 14, 1905.)

1. PATENTS—SUIT FOR INFRINGEMENT—REHEARING AFTER FILING OF DISCLAIMER.

A patentee has the right to file a disclaimer in the Patent Office during the pendency of a suit for infringement, although the case has been heard on appeal; and where such a disclaimer has been filed for the purpose of avoiding the grounds on which the appellate court declared the patent invalid, and before a decree has been entered, the Circuit Court has power in its discretion to grant a rehearing on equitable terms, the patent as it stands being essentially a new one, the validity of which was not before the appellate court.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, §§ 226, 228.]

In Equity. On motion for rehearing.
For former opinion, see 126 Fed. 760.

J. B. McPHERSON, District Judge. In an opinion reported in 126 Fed. 760, this court sustained the validity of claims 1 and 5 of the patent in suit, and decided that they had been infringed. The Circuit Court of Appeals, in reversing the decree (130 Fed. 145), held the claims to be invalid for want of patentable novelty, and instructed the Circuit Court to enter a decree in conformity with that ruling. The mandate further directed "that such execution and further proceedings be had in said case, as, according to right and justice and the laws of the United States, ought to be had, the said appeal notwithstanding." Application to the Supreme Court for a writ of certiorari having been refused, the complainant filed a disclaimer in the Patent Office on December 27, 1904, by which he seeks so to restrict the claims in controversy as to avoid the effect of the anticipating devices referred to by the Court of Appeals, and he is now asking for a rehearing of the cause. It is clear, I think, from the authorities, that a disclaimer may be filed at any time during the pendency of a suit (Smith v. Nichols, 88 U. S. 112, 22 L. Ed. 566; Dunbar v. Meyers, 94 U. S. 192, 193, 24 L. Ed. 34; Sessions v. Romadka, 145 U. S. 40, 12 Sup. Ct. 799, 36 L. Ed. 609; Carnegie Steel Co. v. Cambria Iron Co., 185 U. S. 435, 22 Sup. Ct. 698, 46 L. Ed. 968); and I see no ground upon which the statutory right should be denied merely because there has been a hearing upon appeal. The suit is still pending, since no decree has yet been entered dismissing the bill, and therefore the discretion of the Circuit Court (for the application is not of right—Roemer v. Bernheim, 132 U. S. 103, 10 Sup. Ct. 12, 33 L. Ed. 277) may be exercised, unless the petition asks for the rehearing of a question that has already been passed upon by the Court of Appeals. In that event it is undoubtedly true that the Circuit Court has no power to reopen such a question without the permission of the appellate tribunal (Re Potts, 166 U. S. 263, 17 Sup. Ct. 520, 41 L. Ed. 994); but it seems clear to me that the present application is not of this kind. In Re Potts the Supreme Court had decided that the patent was valid, and had been infringed, and the Circuit Court afterwards heard newly discovered evidence on this point, and upon such evidence decided the patent to be void. This was a clear invasion of the Supreme Court's decree, and there can be no doubt that the Circuit Court had no power, of its own motion, to re-examine a question that had been finally decided on appeal, even in the light of after-discovered evidence. It was for the Supreme Court alone to determine whether it would permit its own decree upon a specific question to be opened, and new evidence to be heard. But in the present case the complainant's patent, as it now stands, has never been before the Circuit Court of Appeals, and has therefore never been considered. It is, in effect, a new patent, and the subject of its validity or invalidity has never been decided by any tribunal.

In my opinion, therefore, it is proper for the Circuit Court to entertain the petition for a rehearing, and I have accordingly considered it, and have come to the conclusion that it should be granted, but upon

condition that the complainant within 30 days pays all the costs that have heretofore accrued, both in the Circuit Court and in the Court of Appeals. If payment is not made, the petition will be refused.