## AMERICAN SODA FOUNTAIN CO. v. SAMPLE.

(Circuit Court of Appeals, Third Circuit. April 27, 1905.)

PATENTS—SUIT FOR INFRINGEMENT—POWER TO GRANT REHEARING AFTER DE-
CISION ON APPEAL.

Where the Circuit Court of Appeals has adjudged invalid the claims of a patent in issue in an infringement suit, reversing the Circuit Court, and issued its mandate directing the entry of a decree in conformity with its opinion, the authority of the Circuit Court is limited to the entry of a decree executing the mandate by dismissing the bill, and it has no discretion to grant a rehearing on the ground that complainant has filed a disclaimer in the Patent Office which avoids the grounds of invalidity found by the appellate court, unless by leave of the latter court.

On petition for a writ of mandamus to enforce the mandate of the court in the case of the American Soda Fountain Company and another against George W. Sample.

Joshua Pusey, for petitioner.
W. G. Henderson, for Sample.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

ACHESON, Circuit Judge. George W. Sample brought his bill of complaint against the American Soda Fountain Company and Alfred H. Lippincott in the Circuit Court of the United States for the Eastern District of Pennsylvania for the alleged infringement of letters patent No. 498,962 for an improvement in draft tubes for soda-water fountains, and, the cause having been heard upon the pleadings and proofs, the court made a decree adjudging that the first and fifth claims of the patent were valid, and that the defendant, the American Soda Fountain Company, had infringed these claims. 126 Fed. 760. Upon appeal by the said defendant, this court held that the first and fifth claims of said patent were invalid for want of patentable novelty, and we reversed the decree of the Circuit Court. 130 Fed. 145, 64 C. C. A. 497. On the 16th day of December, 1904, the mandate of this court was issued to and filed in the Circuit Court, directing that court to enter a decree in conformity with the opinion of this court. Undoubtedly, the mandate required the entry by the Circuit Court of a decree dismissing the bill. Before the court had acted upon our mandate, the complainant below (Sample), on December 30, 1904, presented his petition to the Circuit Court, setting forth that on December 27, 1904, he had filed a disclaimer (copy of which was attached to his petition), and prayed that the court "give further consideration to this cause, in view of said disclaimer being made a part of the patent in suit." On January 15, 1905, the Circuit Court granted a rehearing, upon condition that the petitioner pay all costs that had accrued both in the Circuit Court and in the Court of Appeals. In the opinion (134 Fed. 402) announcing the allowance of a rehearing, the court describes the disclaimer as one by which the complainant "seeks to restrict the claims in controversy" so as to "avoid the effect of the anticipating devices referred to by the Court of Appeals." And then, after recognition of the rule that the Circuit

Court has no power, upon the ground of newly discovered evidence, to reopen a question which has been finally decided by the Court of Appeals, without the permission of the appellate tribunal, the opinion proceeds thus:

"But in the present case the complainant's patent, as it now stands, has never been before the Circuit Court of Appeals, and has therefore never been considered. It is in effect a new patent, and the subject of its validity or invalidity has never been decided by any tribunal."

Do these considerations justify the action of the Circuit Court in granting a rehearing without leave of this court?

The decisions of the Supreme Court require a negative answer. That court has held repeatedly that the authority of the court below extends only to executing the mandate. Ex parte Sibbald, 12 Pet. 488, 492, 9 L. Ed. 1167; Ex parte Dubuque & Pacific Railroad, 1 Wall. 69, 17 L. Ed. 514; Stewart v. Salamon, 97 U. S. 361, 362, 24 L. Ed. 1044. In the last-cited case the court, speaking by Chief Justice Waite, said:

"This is an appeal from a decree entered upon our mandate. No complaint is made as to its form, and it seems to be in all respects according to our directions. The effort of the appellant was to open the case below, and to obtain leave to file new pleadings introducing new defenses. This he could not do. The rights of the parties in the subject-matter of the suit were finally determined upon the original appeal, and all that remained for the Circuit Court to do was to enter a decree in accordance with our instructions, and carry it into effect."

In re Potts, 166 U. S. 263, 267, 17 Sup. Ct. 520, 521, 41 L. Ed. 994, the court, speaking by Mr. Justice Gray, said:

"When the merits of a case have been once decided by this court on appeal, the Circuit Court has no authority, without express leave of this court, to grant a new trial, a rehearing, or a review, or to permit new defenses on the merits to be introduced by amendment of the answer."

In view of these controlling decisions, we are constrained to allow a writ of mandamus in accordance with the prayer of this petition.

There is no good reason for withholding (as was done in Re Potts, supra) the writ of mandamus until the complainant below can apply to this court for leave to file a petition for a rehearing in the Circuit Court. We are unable to see that the entry of the decree directed by our mandate can at all prejudice the rights of the complainant, based on his disclaimer, or prevent any proper proceeding which is now open to him.

It is ordered that a writ of mandamus issue as prayed for.