BAGLIN v. CUSENIER CO.

(Circuit Court, S. D. New York. January 7, 1905.)

No. 8,949.

TRADE-MARKS AND TRADE-NAMES—ABANDONMENT—RIGHTS OF PUBLIC.

A proprietor of a trade-mark does not lose his rights to the same in the United States because the French government seizes such proprietor's property, including his trade-marks, that it may find in France.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trade-Marks and Trade-Names, § 36.

Abandonment, see note to Saxlehner v. Eisner & Mendelson Co., 33 C. C. A. 294.]

In Equity. On motion for preliminary injunction.

Reversed on appeal 141 Fed. 497. For decision on the merits, see 156 Fed. 1016.

Philip Mauro, C. A. L. Massie, and Ralph L. Scott, for complainant. Howson & Howson, for defendant.

LACOMBE, Circuit Judge. The French government may, no doubt, seize such property of the Carthusian monks as it may find in France, including trade-marks: but I am at a loss to see how it can give to any one, liquidator or not, the right to sell in this country Chartreuse cordial not made by the said monks, packed, marked, and labeled with the marks and devices which for more than a generation have identified and guaranteed their product. Maybe the monks have lost the right to use their old trade-marks, but it does not follow that some one else can use them here on goods which they do not make. To offer for sale cordial made by Mr. Leconturier as cordial made by the monks of La Grande Chartreuse is a fraud upon the public in this country, which even the authority of the French government cannot permit.

Complainant may take a preliminary injunction against the selling and offering for sale of any cordial not made by the Carthusian monks, in packages which, by the collocation of emblems and inscriptions ground on the bottle with the yellow label, lettered, etc., and the cir-

cular cork label, lettered, etc., imposed on brown wax, simulate the well-known packages in which complainant's association have heretofore offered their cordial for sale in this country.