DE LONG HOOK & EYE CO. v. FRANCIS HOOK & EYE & FASTENER CO.

(Circuit Court, W. D. New York. February 6, 1908.)

No. 174.

1. TRADE-MARKS AND TRADE-NAMES—UNFAIR COMPETITION—SIMULATION OF DRESS.
   The fact that a manufacturer has modified the dress by which its goods had become known to the public, does not justify a rival manufacturer in adopting or simulating the earlier dress, nor relieve it from liability for unfair competition where it has done so.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trade-Marks and Trade-Names, § 81.

   Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

2. SAME—SUIT FOR UNFAIR COMPETITION—CONCLUSIVENESS OF INTERLOCUTORY DECREE.
   Where by an interlocutory decree on the merits it was adjudged that a defendant was chargeable with unfair competition in simulating the dress of complainant's goods, and a reference was directed to take an accounting of profits recoverable, the question of defendant's liability is concluded, and cannot be reopened before the master.

In Equity. On exceptions to master's report.
See 139 Fed. 146; 150 Fed. 597.

Stern & Rushmore (Charles E. Rushmore and William C. Strawbridge, of counsel), for complainant.
Edmund Wetmore and J. William Ellis, for defendant.

HAZEL, District Judge. This is a hearing on exceptions to the report of the master who found that the complainant, the De Long Hook & Eye Company was entitled to recover from the defendant, Francis Hook & Eye & Fastener Company, the sum of $5,010, for gains and profits realized by the latter in the manufacture and sale of cards containing hooks and eyes known as the "Adelaide," "Waldorf," and "As-

toria," in imitation of complainant's cards, Exhibits 4 and 5. Complainant does not claim to be entitled to recover additional compensation in the nature of damages, and no evidence was given to show that it had sustained any damages. The defendant offered to prove that cards like Complainant's Exhibits 4 and 5 were abandoned by complainant's predecessor in about the spring of 1898, and since then no such cards of hooks and eyes have been manufactured, sold, or used in the business of complainant. The master sustained the objection to the proposed evidence of the defendant, to which ruling exception has been filed.

The defendant, conceding that it was properly enjoined from imitating the cards of the complainant, insists that as such cards (Exhibits 4 and 5) were not on the market, and were not actually used or sold, at the time the complainant succeeded to the business of its predecessor, there can be no recovery for gains and profits. The proofs show that the exhibit cards containing hooks and eyes had been manufactured and sold by the complainant in its business and were extensively known to the purchasing public, but that in the year 1898 the complainant modified the cards by pasting a narrow label on its face between the rows of hooks and eyes. (For statement of facts, see 139 Fed. 146.) Such modification, however, did not in my estimation give the defendant the right to imitate the earlier cards. The claim of the defendant that because the complainant modified its cards in the manner stated, and ceased to use or distribute the earlier cards, there could be no unfair competition, is not tenable, since such issues were heretofore decided adversely to the defendant in this action.

The interlocutory decree, which, as to Exhibits 4 and 5, was affirmed by the Circuit Court of Appeals, provided that the complainant was entitled to the profits made by the defendant by reason of the fraudulent manufacture and sale of its carded hooks and eyes. Such adjudication was upon the merits, and cannot now be reopened for the purpose of allowing defendant to prove that the cards in question had been intentionally abandoned by the complainant. In re Potts, 166 U. S. 266, 17 Sup. Ct. 520, 41 L. Ed. 994; Smith v. Vulcan Iron Works. 165 U. S. 518, 17 Sup. Ct. 407, 41 L. Ed. 810; Chicago Wooden Ware Co. v. Miller Ladder Co., 133 Fed. 544, 66 C. C. A. 517. Even if the complainant had abandoned the said cards, the defendant could not lawfully imitate them to palm off its goods for those of complainant. Saxlehner v. Eisner, 179 U. S. 31, 21 Sup. Ct. 7, 45 L. Ed. 60. The recent ruling of Judge Lacombe in Baglin v. Cusenier Co. (C. C.) 156 Fed. 1015, was to a similar effect. There it was claimed that the defendant had the right to use a trade-mark which had been abandoned by the owner.

The exception is overruled, and the report of the master is confirmed.