## *In re* POTTS, Petitioner.

### ORIGINAL.

No. 12. Original. Argued March 1, 1897. — Decided March 15, 1897.

When a decree of the Circuit Court, at a hearing upon pleadings and proofs, dismissing a bill in equity for the infringement of a patent, has been reversed by this court on appeal, upon the grounds that the patent was valid and had been infringed by the defendant, and the cause remanded for further proceedings in conformity with the opinion of this court, the Circuit Court has no authority to grant or entertain a petition filed, without leave of this court, for a rehearing for newly discovered evidence; and, if it does so, will be compelled by writ of mandamus to set aside its orders, and to execute the mandate of this court.

THIS was a petition, presented to this court on January 4, 1897, for a writ of mandamus to the Honorable George R. Sage, United States District Judge, sitting as a judge of the Circuit Court of the United States for the Southern District of Ohio, to command him to execute a mandate of this court, and to set aside orders made by him after receiving the mandate and inconsistent therewith. The case was as follows:

Upon a bill in equity for the infringement of letters patent, an answer denying patentable novelty and infringement, a general replication, and proofs taken and completed, the Circuit Court sustained the defence of want of novelty, and thereupon, on January 3, 1891, entered a final decree dismissing the bill, for want of equity, with costs. *Potts* v. *Creager*, 44 Fed. Rep. 680.

The plaintiff appealed to this court, which on January 7, 1895, held that the letters patent were valid, and had been infringed, and therefore, as appeared by its opinion and mandate, reversed the decree of the Circuit Court, and remanded the cause to that court for further proceedings in conformity with that opinion. 155 U. S. 597, 610.

On February 26, 1895, the Circuit Court entered a decree, "in conformity with the said mandate," setting aside its former decree, and adjudging that the letters patent were valid and had been infringed, referring the cause to a master to take an account of profits, and awarding a perpetual injunction against the defendants. On July 16, 1895, the master filed his report and account of profits.

Before any action of the Circuit Court upon the master's report, the defendants, on November 29, 1895, filed a petition for a rehearing, for newly discovered evidence affecting the novelty of the invention; and that court ordered notice to plaintiff to show cause on January 4, 1896, why that petition should not be granted. On that day, the plaintiff objected in writing to the consideration of the petition, " on the grounds that this court is without jurisdiction or authority in the premises; that the issues sought to be made by said evidence are not properly before it; and that the proceedings are and have been irregular, and not according to law." But the Circuit Court, on January 15, 1896, granted the petition for a rehear-

ing, for reasons stated in its opinion reported in 71 Fed. Rep. 574; and, after a hearing upon the new evidence, entered an order on December 21, 1896, by which, the court being of opinion that the letters patent were " void for want of invention, in view of said new evidence, and that therefore the equities are with the defendants, it is ordered that said petition stand as a supplemental answer, and that the replication as filed be considered as a replication thereto." Its opinion upon entering that order is reported in 77 Fed. Rep. 454.

All the decrees and orders of the Circuit Court, above mentioned, were made by Judge Sage.

*Mr. Ernest W. Bradford* and *Mr. Chester Bradford* for petitioners.

*Mr. Edward Boyd* opposing. *Mr. E. E. Wood* was on his brief.

Mr. JUSTICE GRAY, after stating the case, delivered the opinion of the court:

The general rules which govern cases of this kind are stated, and the decisions by which those rules have been established are collected, in the recent case of *Sanford Fork & Tool Co., Petitioner,* 160 U. S. 247, in which this court said: " When a case has been once decided by this court on appeal, and remanded to the Circuit Court, whatever was before this court, and disposed of by its decree, is considered as finally settled. The Circuit Court is bound by the decree as the law of the case; and must carry it into execution, according to the mandate. That court cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided on appeal; or intermeddle with it further than to settle so much as has been remanded. If the Circuit Court mistakes or misconstrues the decree of this court, and does not give full effect to the mandate, its action may be controlled, either upon a new appeal (if involving a sufficient amount) or by a writ of mandamus to execute the mandate of this court. But the Cir-

cuit Court may consider and decide any matters left open by the mandate of this court; and its decision of such matters can be reviewed by a new appeal only. The opinion delivered by this court, at the time of rendering its decree, may be consulted to ascertain what was intended by its mandate; and, either upon an application for a writ of mandamus, or upon a new appeal, it is for this court to construe its own mandate, and to act accordingly." 160 U. S. 255, 256.

In that case, the Circuit Court, at a hearing upon exceptions to an answer in equity, had sustained the exceptions, and, the defendant electing to stand by his answer, had entered a final decree for the plaintiff; and this court, upon appeal, ordered that decree to be reversed, and the cause remanded for further proceedings not inconsistent with its opinion. As the record stood, the only matter which was or could be decided by the Circuit Court, or by this court on the appeal, was the sufficiency of the answer; and, neither the Circuit Court, nor this court, upon adjudging the answer to be sufficient, could deprive the plaintiffs of the right to file a replication, putting the cause at issue. It was for that reason, and because no issue of fact had been joined or tried in either court, that this court held that the cause had been left open for a trial of the facts in controversy between the parties, and that the Circuit Court, for the purpose of more fully or clearly presenting those facts, was authorized to allow an amendment of the bill. This court therefore declined to grant a writ of mandamus, but took the precaution of adding, "The case is quite different, in this respect, from those in which the whole case, or all but a subsidiary question of accounting, had been brought to and decided by this court upon the appeal." 160 U. S. 259.

The case now in question comes exactly within the class of cases so referred to and distinguished. It was originally heard in the Circuit Court, not merely upon a question of sufficiency of pleading, but upon the whole merits. That court, at a hearing upon pleadings and proofs, involving the questions of the novelty of the alleged invention, and of its infringement by the defendants, entered a final decree dismissing the bill. Upon the appeal from that decree, both those questions

were presented to and considered by this court, and were by it decided in the plaintiff's favor. Its decision of those questions in that way was the ground of its opinion, decree and mandate, reversing the decree of the Circuit Court dismissing the bill, and remanding the cause to that court for further proceedings in conformity with the opinion of this court. The decision and decree of this court did not amount, indeed, technically speaking, to a final judgment, because the matter of accounting still remained to be disposed of. *Humiston* v. *Stainthorp*, 2 Wall. 106; *Smith* v. *Vulcan Iron Works*, 165 U. S. 518. But they constituted an adjudication by this court of all questions, whether of law or of fact, involved in the conclusion that the letters patent of the plaintiff were valid and had been infringed. Applying the rules stated at the beginning of this opinion, the questions of novelty and infringement were before this court, and disposed of by its decree, and must therefore be deemed to have been finally settled, and could not afterwards be reconsidered by the Circuit Court.

When the merits of a case have been once decided by this court on appeal, the Circuit Court has no authority, without express leave of this court, to grant a new trial, a rehearing or a review, or to permit new defences on the merits to be introduced by amendment of the answer. *Ex parte Story*, 12 Pet. 339; *Southard* v. *Russell*, 16 How. 547; *Ex parte Dubuque & Pacific Railroad*, 1 Wall. 69; *Stewart* v. *Salamon*, 97 U. S. 361; *Gaines* v. *Rugg*, 148 U. S. 228. In this respect, a motion for a new trial or a petition for a rehearing stands upon the same ground as a bill of review, as to which Mr. Justice Nelson, speaking for this court, in *Southard* v. *Russell*, above cited, said: " Nor will a bill of review lie in the case of newly discovered evidence after the publication, or decree below, where a decision has taken place on an appeal, unless the right is reserved in the decree of the appellate court, or permission be given on an application to that court directly for the purpose. This appears to be the practice of the Court of Chancery and House of Lords, in England; and we think it founded in principles essential to the proper administration of the law, and to a reasonable termination of litigation

between the parties in chancery suits." 16 How. 570, 571. So, in *United States* v. *Knight*, 1 Black, 488, 489, Chief Justice Taney said that, in a case brought before this court exercising general jurisdiction in chancery, "the defeated party, upon the discovery of new evidence, may, after a final decree in this court, obtain leave here to file a bill of review in the court below to review the judgment which this court had rendered."

The decree entered by the Circuit Court, presently after receiving the mandate, setting aside its former decree, and adjudging that the letters patent were valid and had been infringed, referring the case to a master for an account of profits, and awarding a perpetual injunction, was, as it purported to be, in conformity with the mandate of this court. But the subsequent orders of the Circuit Court, entertaining and granting the petition for a rehearing, without previous leave obtained from this court for the filing of such a petition, were irregular and unauthorized, based upon a misunderstanding of the mandate, and in practical, though unintentional, disobedience of the command thereof that further proceedings be had in conformity with the opinion of this court. Upon the record as it stands, a clear case is shown for issuing a writ of mandamus to set aside those orders, and to execute the mandate according to what appears to this court to be its manifest meaning and effect.

Upon the question whether an application for leave to file a petition for a rehearing in the Circuit Court could and should be entertained by this court, at the present stage of the case, no opinion is expressed, because no such application has been made.

Unless such an application shall be made to this court within twenty days, and shall upon consideration be granted by this court,[1] an order will be entered that the

*Writ of mandamus issue as prayed for.*

---

[1] See DECISIONS ANNOUNCED WITHOUT OPINIONS, *post.*