# NATIONAL BRAKE & ELECTRIC COMPANY *v.* CHRISTENSEN ET AL.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SEVENTH CIRCUIT.

No. 111.   Argued December 10, 1920.—Decided January 3, 1921.

1. When a patent for an invention has been sustained by the Circuit Court of Appeals and the case has been remanded to the District Court for an accounting, a party claiming that a subsequent decree in another circuit should be given effect as *res judicata* against the patent should apply by petition to the Circuit Court of Appeals for leave to file a bill in the District Court in the nature of a bill of review, setting up the new matter as a bar to further proceedings. P. 429.

2. Such applications are addressed to the sound discretion of the appellate tribunal, and should be decided upon consideration of the materiality of the new matter and diligence in its presentation. P. 430.

3. Leave to file such a bill of review may be granted after the judgment of the appellate tribunal and after the going down of its mandate at the close of the term at which judgment was rendered. P. 431.

4. *Held,* that an application made to the Circuit Court of Appeals in this case was an application of that character, and not an application to have the other decree pronounced *res judicata* by that court. P. 432.

5. The decision of the Circuit Court of Appeals rejecting such an

application is reviewable in this court by certiorari, not by appeal, since the application is ancillary to the original jurisdiction over the case, as one arising under the patent laws. P. 432.
258 Fed. Rep. 880, reversed.

THE case is stated in the opinion.

Mr. *John S. Miller*, with whom *Mr. Edward Osgood Brown*, *Mr. Paul Synnestvedt* and *Mr. Charles A. Brown* were on the briefs, for petitioner, contended, *inter alia*, that the decree, in Pennsylvania was the first final one, the Wisconsin decree being merely interlocutory, and that it was the duty of the Circuit Court of Appeals in the latter case to give effect to the Pennsylvania decree, by recalling its mandate, setting aside its affirming order and directing the District Court to vacate its own former decree and enter one adjudging the patent invalid. They claimed that the case was one with *Hart Steel Co. v. Railroad Supply Co.*, 244 U. S. 294.

Mr. *Joseph B. Cotton* and *Mr. Louis Quarles*, with whom *Mr. William R. Rummler* and *Mr. Willet M. Spooner* were on the brief, for respondents, contended that the Wisconsin decrees were final and settled the law of the case; that, for various reasons, the rulings in Pennsylvania were not *res judicata*, and that there was no application for the *Hart Steel Co. Case*, in which the decree set up as *res judicata* was presented to the Circuit Court of Appeals in a case pending before and as yet undecided by it. A number of other propositions were discussed in both arguments.

Mr. *Charles Neave* and *Mr. Clarence D. Kerr*, by leave of court, filed a brief as *amici curiæ*.

MR. JUSTICE DAY delivered the opinion of the court.

Suit was brought by Christensen and the Allis-Chalmers Company in the District Court of the United States for

the Eastern District of Wisconsin against the National Brake & Electric Company for infringement of patent to Christensen No. 635,280 for improvement in a combined pump and motor. After answer, the petition was amended so as to set up that Christensen before the issue of the patent No. 635,280 had obtained a patent for the same invention under No. 621,324, and that because of defects the same had been returned to the Commissioner of Patents, and the new letters issued for the same invention, and that the Commissioner of Patents cancelled letters patent No. 621,324 and issued letters patent No. 635,280 for the full term of 17 years from October 17, 1899.

In the amended bill it was prayed that the patent monopoly to Christensen be adjudged to be valid for 17 years from March 21, 1899, the date of the first patent, and the second letters patent be held by the court to be evidence of the grant for the term of 17 years from that date. Answer was filed, testimony taken, and a decree was rendered in favor of Christensen, the District Court holding that whether the patent monopoly were evidenced by one or the other or both of the two letters patent, was immaterial. Appeal was taken to the Circuit Court of Appeals for the Seventh Circuit, where the decree of the District Court was affirmed (229 Fed. Rep. 564), and mandate was duly issued to the District Court. After a petition for rehearing was denied, an application was made to this court for a writ of certiorari, which was denied February 21, 1916. 241 U. S. 659. On the remand to the District Court a master was appointed and an accounting begun.

On March 11, 1916, Christensen and the Allis-Chalmers Company filed a bill of complaint against the Westinghouse Traction Brake Company in the District Court of the United States for the Western District of Pennsylvania. Issues were made up, and evidence was taken. We do not deem it necessary for present purposes to

recite the history of the litigation in the proceedings in
Pennsylvania. Thereafter, the Brake & Electric Com-
pany made application in the District Court in Wisconsin
asking to have the benefit of the decree in Pennsylvania
dismissing the bill by setting up that decree as *res judicata.*
The District Court denied the petition. Afterwards, on
August 19, 1918, the Brake & Electric Company presented
and filed a motion and petition upon which the Circuit
Court of Appeals, Seventh Circuit, rendered the decree
which is now the subject of review.

The petition alleges that the decree in the Pennsylvania .
suit was one presenting the same issues as were presented
and considered in the Wisconsin suit; that the plaintiffs
were the same, and the defendants were in privity; that
in the Pennsylvania suit it was adjudged, in accordance
with the mandate issued by direction of the Circuit Court
of Appeals of the Third Circuit that patent No. 635,280
was issued without warrant, and that the bill of complaint
as to that patent should accordingly be dismissed; that
upon further proceedings had in the Court of Appeals in
the Third Circuit and the District Court in Pennsylvania
as to patent No. 621,324 the bill upon that patent was
dismissed for want of prosecution. A transcript of the
proceedings in the District Court of the United States
for the Western District of Pennsylvania was presented,
and petitioner stated that it was advised that the District
Court for the Eastern District of Wisconsin had no power
or authority without the assent of the Circuit Court of
Appeals for the Seventh Circuit to entertain the motion
or application to set aside or modify the former decree
of such District Court affirmed by the Circuit Court of
Appeals, but that the Circuit Court of Appeals had such
jurisdiction and power, and that because of the final ad-
judication in the District Court for the Western District
of Pennsylvania the suit in the District Court of the
Eastern District of Wisconsin should be dismissed on the

motion of the petitioner. The petition recited the proceedings in the District Court of Wisconsin, and the fact that that court was proceeding to take an accounting under the former decree. The prayer of the petition was that the Circuit Court of Appeals take jurisdiction of the petition, and inquire into and determine the status of the case, and the force and effect of the final judgment of the District Court of the Western District of Pennsylvania, and hold the same to be a final adjudication, and that the petitioner was entitled to a final decree in the suit in Wisconsin dismissing the same for want of equity; that the District Court be directed to proceed and act accordingly; and the court was asked to issue such orders in the premises, and such writ or writs of certiorari or otherwise as might be necessary or proper, and such further and different orders, directions, writs or relief as should seem proper or necessary.

The Circuit Court of Appeals for the Seventh Circuit refused to grant any relief upon the petition, holding that the decree of the Wisconsin Court was final in its character, notwithstanding it was interlocutory in form, and that the decree in the Third Circuit could not be set up as *res judicata* between the parties. 258 Fed. Rep. 880. From that decree the writ of certiorari brings the case to this court.

It thus appears that in a suit upon a patent, and one subsequently issued alleged to be for the same invention, Christensen had obtained a decree in the Wisconsin District Court sustaining the right to a patent monopoly and an accounting. From this decree appeal had been taken to the Circuit Court of Appeals for the Seventh Circuit, where the decree was affirmed, and the cause remanded to the District Court, where the accounting was in progress. Subsequently Christensen brought the suit in Pennsylvania upon the patent rights in controversy which resulted in a decree which, it is contended,

is binding upon Christensen, and *res judicata* as to the invalidity of the patent.

In such case the Brake & Electric Company if it wished to avail itself of the Pennsylvania decree had the right to apply by petition in the appellate court of the Seventh Circuit for leave to file a bill in the court of original jurisdiction in the nature of a bill of review, setting up the new matter as a bar to further proceedings. Such applications are addressed to the sound discretion of the appellate tribunal, and should be decided upon considerations addressed to the materiality of the new matter and diligence in its presentation. *Rubber Co.* v. *Goodyear*, 9 Wall. 805; *In re Gamewell Co.*, 73 Fed. Rep. 908; *Keith* v. *Alger*, 124 Fed. Rep. 32; *Society of Shakers* v. *Watson*, 77 Fed. Rep. 512.

The matter was considered in *In re Potts*, 166 U. S. 263, where this court reversed a decree of the Circuit Court dismissing a bill upon a patent, holding that the patent was valid and had been infringed by the defendant, and remanding the cause to the Circuit Court for further proceedings. It was held that the Circuit Court had no authority to grant or entertain a petition filed without leave of this court for a rehearing for newly discovered evidence, and that mandamus was the proper remedy to set aside the order of the Circuit Court failing to execute the mandate of this court. The authorities were reviewed by Mr. Justice Gray, speaking for the court. Among other things he said: "In this respect, a motion for a new trial or a petition for a rehearing stands upon the same ground as a bill of review, as to which Mr. Justice Nelson, speaking for this court, in *Southard* v. *Russell*, above cited, said: 'Nor will a bill of review lie in the case of newly discovered evidence after the publication, or decree below, where a decision has taken place on an appeal, unless the right is reserved in the decree of the appellate court, or permission be given on an application to

that court directly for the purpose. This appears to be the practice of the Court of Chancery and House of Lords, in England; and we think it founded in principles essential to the proper administration of the law, and to a reasonable termination of litigation between the parties in chancery suits.' 16 How. 570, 571. So, in *United States v. Knight*, 1 Black, 488, 489, Chief Justice Taney said that, in a case brought before this court exercising general jurisdiction in chancery, 'the defeated party, upon the discovery of new evidence, may, after a final decree in this court, obtain leave here to file a bill of review in the court below to review the judgment which this court had rendered.' "

In *In re Potts* it was held that unless application was made to this court within twenty days for leave to file a petition for a rehearing in the Circuit Court, the writ of mandamus would issue as prayed.

In *Potts & Co. v. Creager*, 97 Fed. Rep. 78, 79, it appears from the statement of subsequent proceedings in the case that this court upon application granted leave to file a petition for rehearing in the Circuit Court.

That leave to file a supplemental petition in the nature of a bill of review may be granted after the judgment of the appellate court, and after the going down of the mandate at the close of the term at which judgment was rendered, was held in *In re Gamewell Co.*, 73 Fed. Rep. 908, in a carefully considered opinion rendered by the Circuit Court of Appeals for the First Circuit, reciting the previous consideration of the question in cases in this court. We think these cases settle the proper practice in applications of this nature.

This case is unlike the one before us in *Hart Steel Co. v. Railroad Supply Co.*, 244 U. S. 294, in which it was held that a decree in a patent infringement suit affirmed by the Circuit Court of Appeals for the Sixth Circuit, while a like decree was pending but not yet heard before the Circuit Court of Appeals for the Seventh Circuit, upon a

motion seasonably made in the latter Court of Appeals, should have been held to be *res judicata* because of the legal identity of the subject-matter and privity of the parties.

In the instant case the Circuit Court of Appeals for the Seventh Circuit, treating the application as an original petition to have the decree made in the Third Circuit pronounced *res judicata,* held that the former decree in the Seventh Circuit was final, and denied the prayer of the petition.

In our view the proper practice in matters of this sort required the Circuit Court of Appeals to regard the petition, taking all of its allegations together, and with its prayer for general relief, as an application for leave to file in the District Court a petition in the nature of a bill of review invoking a consideration of the effect of the judgment in the Third Circuit. Such consideration the Circuit Court of Appeals may well be directed to undertake in the exercise of its proper function in determining the rights of the parties, and for that purpose its judgment should be reversed, without passing in this court upon the merits of the petition. This procedure is sanctioned by former decisions of this court. *Lutcher & Moore Lumber Co.* v. *Knight,* 217 U. S. 257; *Cramp & Sons Co.* v. *Curtiss Turbine Co.,* 228 U. S. 646; *Brown* v. *Fletcher,* 237 U. S. 583.

A motion was made to dismiss the writ of certiorari upon the ground that this case is one in which an appeal might have been had. But we are of opinion that in view of the nature of the application, and the status of the case brought for infringement of the patents in question, the proceeding was not of that character in which an appeal would lie to this court. We held in *Macfadden* v. *United States,* 213 U. S. 288, that the line of division between cases appealable from the Circuit Court of Appeals and those made final in that court was determined by the

source of original jurisdiction of the trial court, and not by the nature of the questions of law raised or decided.

In our view the petition filed in the Circuit Court of Appeals was ancillary to the original jurisdiction invoked, and was still in its essence and nature a suit involving the validity of a patent, which is·expressly made final in the Circuit Court of Appeals, subject to the right of this court to review by writ of certiorari.

It follows that the decree of the Circuit Court of Appeals should be reversed, and the case remanded to that court for further proceedings upon the petition filed by the National Brake & Electric Company in conformity with the opinion of this court.

*Reversed.*