## LACKNER v. McKECHNEY et al.

## SAME v. STARR.

(Circuit Court of Appeals, Seventh Circuit. October 14, 1924.)

No. 3277.

1. **Appeal and error ☞1097(2)—Former decision held not to involve such injustice as to deprive it of conclusiveness.**

Holding on former appeal that, where executors, voluntarily came into federal court, such court had jurisdiction to adjudicate claim against the estate, *held* not to involve such injustice as to render inapplicable the general rule that former decision is law of the case.

2. **Appeal and error ☞1054(3)—Chancery decree, sustained by evidence, not reversed for incompetent evidence.**

A decree in chancery will not be set aside by an appellate court, where the record discloses competent evidence sufficient to support it, though incompetent testimony was admitted.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by Joseph L. Lackner, administrator, etc., against John McKechney and others, wherein Merritt Starr intervened. From a decree in favor of intervener, complainant appeals. Affirmed.

Chas. H. Aldrich and Chas. S. Cutting, both of Chicago, Ill., for appellant.

Thornton M. Pratt and Merritt Starr, both of Chicago, Ill., for appellees.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

ALSCHULER, Circuit Judge. Upon prior appeal of this cause the decree of the District Court dismissing the intervening petition of appellants there (appellee here) was reversed, and the cause remanded for further proceedings in accordance with the opinion. Miller et al. v. Lackner, Adm'r, 252 F. 403, 164 C. C. A. 327. To that opinion, with its preceding statement, we refer for the facts of the case up to the time of its rendition. Thereupon the hearing before the master proceeded to completion, and he reported to the court his findings of fact and law, and the court entered a decree in pursuance of the report that appellee here recover from appellant $64,500.74, to be paid in due course of administration of the estate of Frederick Weir, from which decree this appeal is prosecuted.

[1] The facts as found (apart from the value of appellee's services) are in all essential respects like those with which the court dealt on the former appeal. For appellant there are raised in the main the same questions which were raised and decided on the prior appeal; for appellee it is maintained that what was there determined by this court became thereupon the law of the case, and that such matters may not again be here assigned for error. The subsequent binding effect of a decision on a prior appeal in the same cause is not disputed. Indeed, as to the general proposition the reply brief for appellant states it quite as strongly as opposing counsel, in these words:

"We wish to be understood clearly upon this point. We concede that, generally speaking, when a case has been heard on appeal, and this court has announced its decision, the law of the case is established, and in all subsequent litigations questions here decided on the first appeal must be deemed settled. Such is the rule announced in Re Potts, 166 U. S. 263, 267, 268, 17 S. Ct. 520, 41 L. Ed. 994; In re Sandford Fork & Tool Co., 160 U. S. 247, 259, 16 S. Ct. 291, 40 L. Ed. 414; Gaines v. Rugg, 148 U. S. 228, 243, 13 S. Ct. 611, 37 L. Ed. 432; Illinois v. Illinois Central R. Co., 184 U. S. 77, 91, 92, 22 S. Ct. 300, 46 L. Ed. 440, and many other cases cited by counsel for appellee."

It is further stated that, "like most rules, the one announced by these cases has its exceptions, and it is our contention that the case at bar is clearly within recognized exceptions." Then follows vigorous insistence upon the application here of an exception such as was sanctioned in Johnson v. Cadillac Motor Car Co. (2 C. C. A.) 261 F. 878, where on page 886 (8 A. L. R. 1023) it is stated: "But the rule is not an exorable one, and should not be adhered to in a case in which the court has committed an error which results in injustice, and at the same time lays down a principle of law for future guidance which is unsound and contrary to the interests of society."

The injustice there referred to arose through a decision of that court on a prior appeal holding exempt from liability an automobile manufacturer through whose alleged gross negligence in the inspection of defective parts of an automobile it had made injury was caused to its purchaser, 221 F. 801. On remandment of the cause the District Court conformably dismissed the action, but on appeal from the judgment of dismissal it was reversed. The court found, not only that there was error in the conclusion of law it reached on the first appeal, but also that to deny recovery to one who had sustained damage through the grossly negligent and faulty construc-

tion and fraudulent sale of an article, would work an inherent injustice.

But, tested by this decision, the case at bar would not fall within the exception it makes. It cannot be said that an inherent injustice would here follow, even though the conclusion reached on the former appeal was unwarranted, but was nevertheless held to be the law of the case governing this appeal. Appellee's firm had rendered highly meritorious service to the partnership, and, it must be conceded, it should have been compensated therefor. Frederick Weir, and upon his decease his executor and legatee, were vitally interested in obtaining the judgment against the City of Chicago for over a half a million dollars, which appellee's firm had secured after most extraordinary and long drawn out litigation; also in resisting an equally large counterclaim of the city, as well as the many claims for damages long pending, litigated or compromised. True, the decree of the District Court is for a large sum, but the record presents no controversy over the amount. The evidence showed in detail the services, and competent witnesses testified to their value. Much of the evidence was by stipulation between the parties, but the services and their value were not disputed.

Appellant's main contention is that only the courts of Ohio had authority to adjudicate the claim against the estate. This court held upon the prior appeal that the executor, having of his own volition come into this jurisdiction to secure full adjustment of the partnership affairs, conferred upon the court here authority to adjudicate any and all matters arising out of the partnership. Now, if it were assumed that in this the court erred, the claim itself would not thereby become impregnated with injustice or inequity. The nature of the claim in no wise depends upon the situs of the court which adjudicates it. The application here of the general rule, far from working an inherent injustice as contemplated by the very exceptional Johnson Case, would rather tend to thwart the apparent prime injustice in the failure of the partnership to compensate appellee's firm for its services.

In the subsequent cases of Ford Motor Co. v. Hotel Woodward Co., 271 F. 625, and Cromwell v. Simons, 280 F. 663, the same Court of Appeals, while recognizing the exception it made in Johnson v. Cadillac Co., declined to apply it in those cases, which presented circumstances surely not less extraordinary or exceptional than does the case at bar.

It is urged that upon the prior appeal this court was misled as to the facts. The issue then before us was made upon the allowance of appellee's motion, pending the taking of the evidence, to dismiss appellant's intervening petition, and the facts with which we dealt were those stated by the pleadings, and the evidence adduced up to the time of dismissal. If, upon remandment of the cause and further hearing of the evidence, it appeared that the facts adduced were different from those dealt with on the prior appeal, a different finding might have been required. But the present state of the record does not, in our opinion, warrant conclusions of fact different from those whereon the court acted on the prior appeal. We find nothing to indicate that the court on the prior appeal was misled, as now contended, even though such contention were properly open to appellant in this court.

Counsel earnestly contend that the record does not show there was an agreement or understanding under which appellee's firm was to attend generally to the legal business of Weir, McKechney & Co. We believe the entire record fairly warrants the finding that there was such an agreement, and that the deceased partner in his lifetime, and his executor after his death, must have been and were aware that this was so, and we do not feel warranted in concluding differently now upon that proposition than we did before. Since the decision of the first appeal no facts were developed which would in any manner affect the conclusion reached that under the partnership contract the partnership continued after the death of Frederick Weir, not only as to the completion of the tunnel itself, but also as to progress of the contract and the adjustment of matters in difference growing out of it, even though further actual work by the partnership on the tunnel had been prevented by the city.

[2] It is contended that appellee Starr's testimony was not competent against the estate as to anything that transpired before Frederick Weir's death. This may be conceded; but a decree in chancery will not be set aside, if the record discloses competent evidence sufficient to support it. And we are satisfied that the fair inference from completed evidence shown by the record is that the agreement was made under which appellee's firm was to render legal services to the partnership, and that services were rendered accordingly, with Frederick Weir's knowledge while he lived, and thereafter

with the knowledge and consent of his brother, who was his executor and testamentary beneficiary.

We conclude that the District Court properly rendered the decree under review, which is accordingly affirmed.