### ROOT et al. v. HOBBS MFG. CO.

District Court, S. D. New York.
July 24, 1925.

Charles F. Dane, of New York City, for plaintiffs.

Knight Brothers, of New York City (Frederick P. Fish, of Boston, Mass., of counsel), for defendant.

302

MACK, Circuit Judge.

Defendant has moved for a request by this court to the Circuit Court of Appeals [1] to recall and amend its mandate so that this court may have jurisdiction to reopen proofs, permit an amendment of an answer, and modify the decree.

I have considered and reconsidered affidavits and arguments at intervals, and have delayed a decision because of a reluctance, to take any judicial step which might not be fully reviewable.

█ But in my judgment I would not be justified in making the request unless I am satisfied, first, that the defendant has not been guilty of laches; and, second, that, if the request were granted by the Circuit Court of Appeals, and pursuant to its permission the cause were reopened, the new proof would result in a substantial change in the decree.

I am satisfied on neither of these points; on the contrary, in my judgment, the defendant has been guilty of laches, and the additional proof would not result in a change in the decree.

Whether in the light of National Brake Co. v. Christensen, 254 U. S. 425, 41 S. Ct. 154, 65 L. Ed. 341, the practice established or sanctioned by the Second C. C. A. in Sundh Electric Co. v. Cutler-Hammer Mfg. Co., 244 F. 163, will continue, pursuant to which the mandate will not be recalled unless this court requests it, or whether in the light of that decision and the procedure followed in Re Gamewell Co. (C. C. A.) 73 F. 908, a direct application to the Circuit Court of Appeals for leave to file a supplemental bill in the nature of a bill of review in this court should be adopted, I need not consider. If the latter be the correct practice, the application now made to me and denied will not prevent a direct application to the Circuit Court of Appeals. In any event, the denial of the present motion will be without prejudice to any such application.

I have assumed the correctness of all of the statement of facts in respect to the charge of laches contained in the affidavits on behalf of defendant. In my judgment, however, the inquiry made of the sons of Eugene H. Taylor, deceased, should not have ended the investigation as to his prior activities. Defendant was hunting up evidence to support its assertion, based, as it claims, on the closeness of the date of Taylor's ap-

plication for a patent to that of the application date of the first Root patent in suit, that Taylor had prior knowledge and use of the Root invention. At that time its counsel regarded the later Taylor patent, if embodying an invention earlier than Root's, as anticipating it, or if, as he now concedes, it would not be an anticipation, then he was hunting for evidence of some other invention or product of Taylor that might be offered to show prior use. In my judgment, when he found that Taylor was dead, and that the documents relating to the Taylor later patent were not in existence, he should have gone further and ascertained something about Taylor's history and his other inventions, if any. If such inquiries had been pursued, they would, in all human probability, have led to the discovery of the earlier Taylor patent and of Taylor's association with Robinson.

In view of the fact that defendant had many years after the original notice of infringement in which to investigate, of the full consideration that was given to the case both in this court and in the Court of Appeals, and also of the nature of the defense, anticipation by another Taylor patent No. 798,467, granted August 29, 1905, on a machine for making heels, in which at least the safety device itself is of a different character from that of the Root patent, I am of the opinion that this is not one of those cases in which the laches should be overlooked merely on condition that the plaintiff be reimbursed its outlays and possible damages.

█ But, apart from laches, in my judgment the Taylor patent does not anticipate Root. I find no occasion to criticize the failure of plaintiffs' counsel to call the attention of the Court of Appeals to the Taylor patent, of which he has acquired knowledge after the decree in this court, in the light of his affidavit, his own judgment, and that of independent counsel that Taylor did not anticipate.

I do not find it necessary to go into a full discussion of the differences between the two inventions. The essential point is, in my judgment, well summed up in the statement of Mr. Livingston Gifford, the consulting counsel, when he said: "Taylor's finger cannot get between the jaws, but if it could, they would bite. Root's finger may get between the jaws, but when it does, they cannot bite."

The earlier Taylor patent, now expired, is open to the public, including, of course,

[1] For opinion of Circuit Court of Appeals, see 294 F. 236.

the defendant. If, as defendant's counsel is firmly convinced, the precise device of that patent can be employed without change as a safety device in a corner box staying machine, nothing in the decree heretofore entered will prevent such action. I am unable to see how, in the light of argument here made, such use of the Taylor safety device by this particular defendant could give rise to any possible claim that thereby the decree of this court will have been violated.