ROWN v. BRAKE–TESTING EQUIPMENT CORPORATION et al.

No. 5929.

Circuit Court of Appeals, Ninth Circuit.

June 1, 1931.

For former opinion, see 38 F.(2d) 220.

Ira J. Wilson, of Chicago, Ill., and John H. Miller and A. W. Boyken, both of San Francisco, Cal., for appellant-respondent.

Chas. E. Townsend and Wm. A. Loftus, both of San Francisco, Cal., for appellees-petitioners.

Before WILBUR and SAWTELLE, Circuit Judges, and NETERER, District Judge.

PER CURIAM.

In this cause in the District Court an interlocutory decree was made and entered on the 29th day of May, 1929, in favor of the plaintiffs-appellees, in accordance with the prayer of the bill of complaint. On appeal to this court the decree of the District Court was reversed with instructions that the said suit be dismissed, finding that the plaintiff's patent was invalid and also that there was no infringement. 38 F.(2d) 220. The mandate of this court when received by the District Court was duly entered, and in accordance therewith the final decree of the District Court was entered on or about the 21st day of April, 1930.

This is a petition by plaintiff-appellee for permission to apply to the District Court for leave to file a supplemental bill, for reopening the case and for rehearing, i. e., a supplemental bill in the nature of a bill of review. The ground upon which this petition is based is newly discovered evidence, that is, evidence that some of the material testimony introduced at the hearing before the lower court was false, because in conflict with declarations of two of the witnesses who testified in the case at bar. The allegation in the petition is to the effect that the said newly discovered evidence constitutes a complete refutation of the Seppmann testimony as given in the instant case and credited by this court.

In the infringement suit, one of the grounds for the decision was that the patent sued upon was invalid because of prior use, the prior use being that of the Seppmann device which it was then testified was first made and used in the year 1912. The petitioner claims that at the time of this infringement suit there was pending in the Patent Office an interference suit in which testimony in regard to this Seppmann device, given by Seppmann and Thomson, two of the witnesses who testified in this case at the trial below, is to the effect that the device was not completed until July 8, 1922, which was after the granting of the patent sued on. It is upon the discrepancies in the testimony given in the interference suit and in the infringement suit that the petitioner bases this petition.

█ A federal appellate court may ordinarily entertain an original petition for leave to file, in the court below, a bill of review, or a supplemental bill in the nature thereof, even when the application is made after the rendition of judgment by the appellate court, after the going down of the mandate, and after the close of the term at which the judgment

was entered. This method of procedure has been held proper in the leading case of Southard v. Russell, 16 How. 547, 14 L. Ed. 1052; In re Potts, 166 U. S. 263, 17 S. Ct. 520, 41 L. Ed. 994; National Brake & Electric Co. v. Christensen, 254 U. S. 425, 41 S. Ct. 154, 65 L. Ed. 341; In re Gamewell Fire-Alarm Tel. Co. et al. (C. C. A.) 73 F. 908; Central California Canneries Co. v. Dunkley Co., 282 F. 406 (C. C. A. 9).

In the case of National Brake & Electric Co. v. Christensen, supra, the Supreme Court of the United States, speaking through Mr. Justice Day, said (page 431 of 254 U. S., 41 S. Ct. 154, 156) : "That leave to file a supplemental petition in the nature of a bill of review may be granted after the judgment of the appellate court, and after the going down of the mandate at the close of the term at which judgment was rendered, was held In re Gamewell Fire-Alarm Teleg. Co., 73 F. 908, 20 C. C. A. 111, in a carefully considered opinion rendered by the Circuit Court of Appeals for the First Circuit, reciting the previous consideration of the question in cases in this court. We think these cases settle the proper practice in applications of this nature."

█ The ground for the petition in this case is that the testimony of Seppmann and Thomson as to the time of the completion of the Seppmann device was in conflict with their testimony in the interference case. Such conflicting statements tend only to impeach these two witnesses. There were numerous other witnesses who corroborated their testimony in the case at bar. Mere impeachment of witnesses by proof of statements or testimony inconsistent with that given on the trial is not a sufficient basis for the granting of a petition of this character and it should for that reason be denied. Society of Shakers v. Watson et al. (C. C. A.) 77 F. 512; Acord v. Western Pocahontas Corporation (C. C.) 156 F. 989, affirmed (C. C. A.) 174 F. 1019, certiorari denied 215 U. S. 607, 30 S. Ct. 408, 54 L. Ed. 346.

The court in Society of Shakers v. Watson, supra, said (page 515 of 77 F.) : "The discovery of new evidence, or of new witnesses, impeaching witnesses examined upon the original hearing, or for the purpose of showing subornation or perjury of such witnesses, is not generally regarded as a sufficient ground for allowing a bill of review."

█ It is well settled, also, that the newly discovered evidence must be such that, if produced on the original trial, it would probably

have caused a different result. Carson v. American Smelting & Refining Co., 11 F. (2d) 766 (C. C. A. 9). In the instant case, even assuming the testimony of these two witnesses was entirely rejected, there is other evidence supporting the priority of the Seppmann device. Furthermore, it was decided in the original case that there was no infringement of the plaintiff's patent, even if valid.

Petition denied.