## GUARANTY TRUST CO. OF NEW YORK et al. v. MINNEAPOLIS & ST. L. R. CO. et al.

### No. 8601.

Circuit Court of Appeals, Eighth Circuit.

Aug. 19, 1938.

Jesse E. Waid, of New York City (White & Case, of New York City, and Kingman, Cross, Morley, Cant & Taylor and Kenneth Taylor, all of Minneapolis, Minn., on the brief), for appellant New York Trust Co., as trustee.

M. L. Countryman, Jr., of St. Paul, Minn. (L. B. DaPonte, of St. Paul, Minn., on the brief), for Northern Pac. Ry. Co.

346

James C. Otis, of St. Paul, Minn. (Otis, Faricy & Burger, of St. Paul, Minn., Mitchell, Taylor, Capron & Marsh and Edward E. Watts, Jr., and James S. Wilson, Jr., all of New York City, on the brief), for City Bank Farmers Trust Co., as trustee.

Henry C. Carlson, of Minneapolis, Minn., for H. H. Sheriff, intervener, et al.

Francis D. Butler, of St. Paul, Minn., for Bankers Trust Co., as trustee.

George W. Morgan, of St. Paul, Minn., for Guaranty Trust Co., of New York, as trustee.

C. W. Wright, of St. Paul, Minn., for co-receivers of Minneapolis & St. L. R. Co.

F. G. Ingersoll, of St. Paul, Minn., for Central Hanover Bank & Trust Co., as trustee.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

The New York Trust Company (as trustee of the first consolidated mortgage of The Minneapolis & St. Louis Railroad Company), an appellant in this cause, has petitioned this Court for leave to apply to the court below for a modification of the final decree of foreclosure and sale entered in the receivership of The Minneapolis & St. Louis Railroad Company on January 8, 1929, which decree was modified and affirmed by this Court December 24, 1929. Guaranty Trust Co. of New York et al. v. Minneapolis & St. L. R. Co., 8 Cir., 36 F.2d 747.

The decree, as originally entered and as affirmed, contained a provision that the purchaser at the foreclosure sale must, as a part of the purchase price, assume and discharge all contracts, leases and agreements entered into, made, assumed or adopted by the Receiver, unless the contract expressly reserved to the purchaser the right to elect not to adopt or assume such contract.

The decree also provided:

"Any party to the above entitled causes or any thereof, or any claimant or other person whose rights are affected or determined by any of the provisions of this Decree, may at any time apply to this Court for such orders and directions touching the matters hereby reserved or for such further or other relief as the Court may deem just and proper. For the purposes of the above entitled causes the September, 1928, Equity Term of this Court is extended until after the complete execution of the provisions of this decree, and of any decree supplementary to or modifying the same, and until after the final determination and disposition of all matters herein reserved for future determination or action by the Court, and said Equity Term is extended in any event for a period of three years from the date of this decree with leave to any party to the above entitled causes or any thereof, at any time prior to the expiration of said period of three years, to apply to this Court for a further extension of said term." [The words "this Court" and "the Court", as used in the foregoing quoted portion of the decree, refer, of course, to the court below.]

Among the contracts adopted by the Receiver which, by the terms of the decree, a purchaser would be required to assume, is one with the Northern Pacific Railway Company covering the use of the Northern Pacific tracks between St. Paul and Minneapolis for the transportation of freight and passengers and also the use of certain terminal facilities of the Northern Pacific in St. Paul. This contract runs until 1984. The petitioner asserts that, due to changed conditions, this contract has become a burden upon the trust estate and will be a burden to anyone purchasing its property. The petitioner now desires to apply to the lower court to reopen the decree and to modify it by eliminating the provision requiring a purchaser to assume all contracts adopted by the Receiver, and inserting, in lieu thereof, a provision authorizing a purchaser to adopt or reject any such contracts, at his option. The petitioner is of the opinion that, before such an application is made to the lower court, leave should be obtained from this Court, since the decree as modified was entered pursuant to the mandate of this Court. See Simmons Co. v. Grier Bros. Co., 258 U.S. 82, 91, 42 S.Ct. 196, 199, 66 L.Ed. 475; National Brake & Electric Co. v. Christensen, 254 U.S. 425, 41 S.Ct. 154, 65 L.Ed. 341; In re Potts, 166 U.S. 263, 17 S.Ct. 520, 41 L.Ed. 994.

This Court, of course, retains not one vestige of jurisdiction to modify or to empower the court below to modify this decree, since the term at which the

mandate of this Court was entered has long since expired. It is true that this Court is authorized to grant leave, under appropriate circumstances, for the filing in the lower court of a bill of review to reverse a decree entered pursuant to the mandate of this Court, regardless of the expiration of the term of this Court and the term of the lower court. Hagerott v. Adams, 8 Cir., 61 F.2d 35, 37. The petitioner, however, is not proposing to file a bill of review nor to seek a reversal of a decree, and there are no grounds stated in the petition which would support a bill of review or a bill in the nature of a bill of review.

The petitioner contends that the court below in its decree expressly extended the term at which the decree was entered "until after the complete execution of the provisions of this decree", and that it therefore reserved to itself jurisdiction to make such a modification of the terms of sale contained in the decree as the petitioner proposes to apply for.

If the petitioner is correct in its interpretation of the above quoted language of the decree, we think it is entirely unnecessary for it to apply to this Court for leave to make the application which it assures us the decree, finally entered with our approval, gives it the right to make. The provision of the decree extending the term of the court below was not a matter of controversy in this Court, was in no way modified by this Court, and stood in no different situation after the affirmance of the decree by this Court than before appeal. If that provision gives to the court below the power to make the modification which the petitioner desires, that court has that power and the right to exercise it regardless of any granting or denial of leave by this Court. When this Court affirmed the decree with the above quoted provision in it, it confirmed whatever jurisdiction the lower court had retained by the express provisions of the decree, and imposed no condition upon the power of the lower court to do whatever that court might thereafter lawfully do, under that reservation of jurisdiction, with respect to any of the provisions of the decree.

Those who object to the proposed modification of the decree contend that the futility of such an application as the petitioner proposes to make is apparent; that there is no power left in the lower court to modify the decree in any substantial respect; and that this Court should deny the petition for leave.

It is our view that none of the questions which have been argued in connection with this petition are before us for decision, and that it would be improper for us, in this proceeding, to express any opinion as to whether the court below could or could not, at the present time, modify the decree with respect to the terms of sale. The question is, quite likely, purely academic, since the court below may regard a modification as unnecessary or undesirable. We think that if the provision of the decree extending the term means what the petitioner contends it means, our affirmance of the decree with that provision in it constituted all of the leave to apply to the lower court which the petitioner presently needs.

The petition for leave is dismissed.