ENRIQUE MARTÍNEZ, JR., Petitioner, *v.* DISTRICT COURT OF SAN JUAN, HON. J. M. CALDERÓN, JR., JUDGE, Respondent; ARTURO RODRÍGUEZ POU, substituted by CHESTER G. MERCURY, Intervener.

No. 1765. Argued December 8, 1948.—Decided February 8, 1949.

514

*Juan B. Soto* and *Juan F. Soto,* for petitioner.   *Víctor A. Coll,* for intervener, plaintiff in the main action.

MR. JUSTICE MARRERO delivered the opinion of the Court.

In the main action which gave rise to this appeal, this Court, on March 19, 1948, rendered judgment modifying the one entered by the District Court of San Juan to compute the interest at the rate of 6 per cent per annum, and affirmed it as thus modified.   *Rodríguez* v. *Martínez,* 68 P.R.R. 417.   Several motions for reconsideration subsequently filed were denied by us, and after the mandate was received by the lower court on May 10 of that same year, the defendant on the following day filed in said court a motion for consignation, in which he set forth that he had been notified of the motion filed by the plaintiff Rodríguez Pou requesting this Court to substitute him by Chester G. Mercury as plaintiff in the action, since the former had assigned to the latter for $700 the claim involved in the action; that demand had been made on the assignee to accept the amount of the assignment and that the assignee had refused to receive the price paid by him together with interest thereon and costs, and that, pursuant to the provisions of § 1425 of the Civil Code (1930 ed.), the defendant prayed that the consignation be considered as properly made and the claim extinguished.   On the same day, the defendant moved the court not to issue an order for execution. Rodríguez Pou insisted that said order be issued.   After hearing the parties extensively on the question, the lower court on May 19, 1948, entered an order denying defendant's request and ordering "that the mandate of the Supreme Court be complied with and the judgment executed in all its parts."   We issued a writ of certiorari to review that order.

At the hearing of the appeal in this Court, we were informed that the plaintiff had already executed the judgment and received the total amount thereof, as provided in our judgment, together with interest and costs.   In view of that information, we granted the parties a term to introduce

evidence on that particular, inasmuch as if the judgment had been really satisfied, it might render the appeal academic. Therefore, we shall first consider this question.

From the additional documents filed it appears that, after the execution of the judgment was ordered by the lower court, the clerk issued a writ of attachment (sic) ; that since the Maryland Casualty Company had previously filed a bond to release the attachment levied on defendant's property, to secure the effectiveness of the judgment, the marshal of the lower court, holding said writ of attachment, went to the offices of the agents of said insurance company in this city and, upon the refusal of said agents to satisfy the claim, the marshal went to the San Juan Branch of the Banco de Ponce and, by virtue of the said writ demanded from the branch manager the delivery of the sum of $2,944, to be charged to Manuel San Juan, Inc., agents of the surety in Puerto Rico; that the manager acquiesced in such demand and issued a check for the aforementioned amount, and that, as soon as the marshal received the latter, Arturo Rodríguez Pou, who, as has already been stated, was no longer a party to the suit, requested the court to deliver to him the said sum; that the lower court so ordered on the same day, and a check for $2,896.50 was delivered to him in satisfaction of the judgment rendered by us.

■■ Does the satisfaction of the judgment under these circumstances render the appeal academic? It is necessary to determine at once whether or not the payment in this case was voluntarily or compulsorily made by the debtor. In either case the effects are different. As we held in *Colón* v. *Rotary Club*, 66 P.R.R. 275, 277, "It is a well-settled rule that the voluntary payment of a judgment amounts to a waiver of the right of appeal." Nevertheless, in the case at bar payment was not voluntary, for the lower court, over the objection of the defendant, issued a writ of execution and the debt was paid out of the funds which the insurance agents held under attachment in the local banks. Under

these circumstances, it can not be said that payment was voluntarily made. Although the question under discussion, to our knowledge, has not been decided by this Court, it is the prevailing doctrine in California, from which our procedural code was taken, that the enforced satisfaction of a judgment does not preclude the judgment debtor from resorting to a superior court to have the judgment reversed or set aside. *Hallett* v. *Slaughter*, 22 Cal. 2d 552, 556; *Patterson* v. *Keeney*, 165 Cal. 465, 466; 14 Cal. Jur. § 84, p. 1018. See also *Everts* v. *Matteson* (Cal. 1941) 115 P. 2d 207, 208, in which a question similar to the one involved herein was raised and decided in the manner indicated above. Those decisions seem to us persuasive and sound. It is our duty, therefore, to hold that the satisfaction of the judgment in this case did not amount to a voluntary payment, and hence that the present appeal has not been rendered academic.

■■ This Court has heretofore held that when a case is decided by a superior court, and the mandate is received by the lower court, it is the duty of the latter tribunal to confine itself to a compliance with what is ordered, and, that the decision of the superior court constitutes the law of the case. *Fiddler* v. *Tax Court*, 68 P.R.R. 784, 788; *Graniela* v. *Yolande, Inc.*, 65 P.R.R. 663, 665; *Melón* v. *Muñiz*, 54 P.R.R. 171; *Idem* v. *Idem*, 56 P.R.R. 730. However, when a question of substantive law, new and wholly foreign to the main action has not been raised, litigated or decided by the lower court or by this Court, the judgment and mandate evidently can have no effect whatever on such question. *Sprague* v. *Ticonic National Bank*, 307 U. S. 161, 168; *Ex parte The Union Steamboat Company*, 178 U. S. 317, 319; *In re Potts*, 166 U. S. 263, 266; *In the Matters of Howard*, 76 U. S. 175, 183; *In re Sanford Fork and Tool Co.*, 160 U. S. 247, 256. The question relating to the right of defendant Enrique Martínez to extinguish the credit in litigation, already assigned by Rodríguez Pou to Chester G. Mercury, by reimbursing to the latter the price he had paid, together

with costs and interest thereon, pursuant to § 1425 of the Civil Code, *supra*, had not been raised, litigated or decided by the lower court nor by this Court and our mandate did not prevent the lower court from taking cognizance thereof.

The order of the lower court of May 19, 1948, should be set aside and the case remanded for further proceedings not inconsistent with this opinion.

Mr. Justice Negrón Fernández did not participate herein.