John H. CRUMADY, Libellant,

v.

THE JOACHIM HENDRIK FISSER, Her Engines, Tackle, Apparel, etc., Respondent.

HENDRIK FISSER AKTIEN GESSEL-SCHAFT, Claimant-Respondent,

v.

NACIREMA OPERATING CO., Inc., Impleaded-Respondent.

Civ. A. No. 1–54.

United States District Court
D. New Jersey.

Sept. 21, 1959.

Brass & Brass, Sydney Brass, Newark, N. J., Freedman, Landy & Lorry, Abraham E. Freedman, Philadelphia, Pa., for and of counsel with libellant.

Charles N. Fiddler, Victor S. Cichanowicz, New York City, for claimant-respondent.

Stryker, Tams & Horner, John J. Monigan, Jr., Newark, N. J., for impleaded-respondent.

WORTENDYKE, District Judge.

As succinctly expressed by Mr. Justice Douglas, speaking for the majority of the

Supreme Court of the United States in affirming the judgment of this Court, 358 U.S. 423, at page 424, 79 S.Ct. 445, at page 446, 3 L.Ed.2d 413:

"Crumady was an employee of a stevedoring company (Nacirema) engaged in transferring a cargo of lumber from the ship Joachim Hendrik Fisser * * * at Newark, New Jersey. While so engaged, he was injured and brought this admiralty suit by libel in rem against the vessel. The vessel impleaded the stevedore contractor."

Further factual details will be found in this Court's opinion, D.C., 142 F.Supp. 389.

The judgment entered on August 15, 1956 upon the opinion of this Court provided that "Crumady is awarded judgment and shall recover for himself of the respondent Joachim Hendrik Fisser, her engines, tackle, apparel, etc., and claimant Hendrik Fisser Aktien Gesselschaft, owner of respondent vessel, the sum of $55,527.15 together with his costs to be taxed, including the sum of $614.41 paid by the libellant to the court reporter for stenographic fees, and interest thereon from the date hereof until paid." The same order for judgment further provided that "a judgment in the sum of $55,527.15 and such interest as is paid thereon together with libellant's taxed costs, is awarded claimant, Hendrik Fisser Aktien Gesselschaft by way of indemnification of the aforesaid vessel against the respondent-impleaded, Nacirema Operating Co. Inc. and also claimant's taxed costs including the sum of $614.41 paid by the claimant to the court reporter for stenographic fees upon its petition impleading said respondent-impleaded." After the entry of these judgments, a hearing was held upon due notice by each of the parties, for the taxation of costs. No item for counsel fees was included in the suggested items embodied by the claimant-respondent in its notice of taxation of costs and the total amount taxed as costs in favor of said claimant-respondent was $2,240.96.

On November 13, 1956 the respondent-impleaded, Nacirema, filed its notice of appeal to the United States Court of Appeals for the Third Circuit "from so much of the final judgment * * * as awarded indemnification in favor of the claimant Hendrik Fisser A/G in the amount of $55,527.15, together with its costs and the costs allowed in favor of the libellant against it together with interest thereon." On the same date claimant-respondent Fisser filed its notice of cross-appeal to the same Court "from that part of the decree entered herein on August 15, 1956, which orders, adjudges and decrees that the libellant John H. Crumady is awarded judgment and shall recover for himself of the respondent Joachim Hendrik Fisser, her engines, tackle, apparel, etc. and claimant Hendrik Fisser Aktien Gesselschaft, owner of respondent vessel, the sum of $55,527.15 together with his costs to be taxed including the sum of $614.41 paid by the libellant to the court reporter for stenographic fees and interest thereon from the date hereof until paid, and * * * that the said claimant also appeals from the part of the decree which fails to order and adjudge that the claimant be awarded its counsel fees, expenses and other reimbursements by way of indemnification against respondent-impleaded in the defense of the libel herein." The latter notice of cross-appeal adds that it is "a protective appeal to be prosecuted in the event that the respondent-impleaded files and prosecutes a timely appeal from the award of indemnification contained in said decree." On November 16, 1956, Crumady, the libellant, filed his notice of appeal to the same Court from "so much of the decree for judgment and final judgment entered on August 15, 1956 which limits the amount" awarded to him against the claimant, Hendrik Fisser Aktien Gesselschaft as owner of respondent vessel, Joachim Hendrik Fisser, to the sum of $55,527.15 and * * * from the findings and opinion of the United States District Court, District of New Jersey,

which are not in support of the judgment entered herein in favor of the libellant."

The Third Circuit Court of Appeals (249 F.2d 818, 821), reversed the judgment of this Court in favor of libellant upon the ground that this Court erred in concluding that the negligence of libellant's employer, Nacirema, " 'brought into play the unseaworthy condition of the vessel.' " The Court of Appeals further held that "It was a proper finding (by this Court) that the negligence of the stevedores was 'the sole active or primary cause' of the parting of the gear." And that "the gear was not proved to have been unseaworthy, neither was the setting of the cut off device established as a legal cause of the accident which occurred." The Court of Appeals concluded that the District Court should have denied the libellant recovery and therefore that the Court of Appeals did not "reach the substantial question raised by the impleaded respondent whether there would have been legal basis for making it an indemnitor, had the ship's liability been sustained." It is also obvious from the language of the appellate Court's opinion that its finding that the libellant was entitled to recover nothing by way of damages precluded the necessity and propriety of its consideration of the sufficiency of the award of damages made by the District Court.

Crumady was successful in obtaining a writ of certiorari from the Supreme Court of the United States to the Third Circuit Court of Appeals (357 U.S. 903, 78 S.Ct. 1150, 2 L.Ed.2d 1154). On return of the writ the Supreme Court, in a majority opinion, reversed the judgment of the Court of Appeals, which had reversed the judgment of the District Court, and "reinstated" the District Court's judgment. In its mandate, the Supreme Court directed that the cause (upon the two writs allowed, Nos. 61 and 62, October Term 1958) be remanded to the District Court "with instructions to that Court to reinstate its judgment." 358 U.S. 423, 79 S.Ct. 445, 448.

This Court is now confronted with the following motions in this protracted litigation:

1. By libellant, Crumady, for an increase in the award of damages made by this Court to him; and

2. By claimant-respondent, Fisser, for a rehearing of the question of its right to counsel fees and expenses and for a reversal by this Court of its previous determination denying such relief.

### Libellant's Motion to Increase Damage Award.

Crumady concedes that he took no steps to test the sufficiency of the quantity of the award of damages to him until the notice of his present motion. It is obvious that the Third Circuit Court of Appeals was not called upon to consider the sufficiency of the award in favor of Crumady in view of its decision that *no* damages should have been awarded to him. Crumady argues that the mandate of the Supreme Court to the District Court supplants the judgment or decree of the latter Court, and relies for support of this novel contention upon McCrea v. United States, 1934, 294 U.S. 23, 32, 55 S.Ct. 291, 79 L.Ed. 735. As I understand libellant's present argument it asserts that by *reinstating* the judgment of the District Court, the mandate of the Supreme Court has left this (District) Court free to modify the reinstated judgment. Libellant concedes that this Admiralty case is not governed by the Federal Rules of Civil Procedure, and recognizes that the Admiralty Rules apply. See 28 U.S.C. §§ 2072 and 2073. While pointing out that there is no rule in Admiralty limiting the time after a final decree is entered within which a petition for rehearing may be presented, libellant suggests that such a petition may be filed within the ninety day period within which an appeal must be taken. Libellant attempts to evade these questions, however, by contending that the mandate of the Supreme Court directing this Court to reinstate its judgment requires that this Court enter a new decree in

compliance with such a mandate. Because, therefore, as libellant contends, this Court must still act in obedience to the mandate, he argues that this Court has authority to modify its previous judgment insofar as the quantum of its award of damages is concerned. Such a contention appears to be completely at variance with accepted precedent.

In Butcher & Sherrerd v. Welsh, 3 Cir., 1953, 206 F.2d 259, certiorari denied sub. nom. Alker v. Butcher & Sherrerd, 346 U.S. 925, 74 S.Ct. 312, 98 L.Ed. 418 rehearing denied 347 U.S. 924, 940, 74 S.Ct. 513, 98 L.Ed. 1078, 348 U.S. 939, 75 S.Ct. 354, 99 L.Ed. 736, vacated on other grounds 3 Cir., 223 F.2d 262, Judge Kalodner, speaking for the Court, enunciates the following principle, 206 F.2d at page 262:

> "Where a judgment has been affirmed on appeal and the mandate handed down it is beyond the power of the lower court to disturb the judgment without leave of the appellate court. This procedure is required by long settled principles."

There are cited in the opinion quoted from, in support of the principles stated, Simmons Co. v. Grier Bros. Co., 1922, 258 U.S. 82, 42 S.Ct. 196, 66 L.Ed. 475; National Brake & Electric Co. v. Christensen, 1921, 254 U.S. 425, 41 S.Ct. 154, 65 L.Ed. 341; In re Potts, 1897, 166 U.S. 263, 17 S.Ct. 520, 41 L.Ed. 994; Brady v. Beams, 10 Cir., 1943, 132 F.2d 985; and Simonds v. Norwich Union Indemnity Co., 8 Cir., 1934, 73 F.2d 412.

In the Butcher & Sherrerd case (supra), a judgment had been entered in the District Court and the judgment was affirmed by the Court of Appeals, which remanded the case to the District Court. Thereafter, and without first obtaining the authority of the appellate court, the judgment defendants obtained an order from the District Court granting a new trial. Because of its determination that the District Judge was without jurisdiction to grant the new trial after remand on affirmance, writs of mandamus and prohibition were ordered to be issued for the reason stated by Judge Kalodner in the above quoted excerpt from his opinion.

In the case before me, this Court entered a final judgment as long ago as August 15, 1956. The effectiveness of that judgment was in suspension during the appeal to the Court of Appeals and thereafter upon certiorari from the Supreme Court. The latter Court affirmed the judgment of this District Court and directed its reinstatement. The word "reinstatement" is not a term of art, but rather a word in common parlance. "To reinstate is to restore to a former state or authority." Funk & Wagnall's New Standard Dictionary of the English Language, 1944 Ed. I am, therefore, impelled to the conclusion that I am without jurisdiction at this time to modify the judgment of this Court which has been affirmed by the Supreme Court of the United States, and the efficacy of which has been reinstated by the latter's mandate.

Libellant's motion to increase the damage award is denied.

### Fisser's Motion for Counsel Fees.

Claimant-respondent's application for counsel fees has previously been decided by this Court adversely to that applicant, upon return of its notice for taxation of costs. The record presently before me is silent respecting any discussion of such an application when the case was before the Supreme Court. The instant application is in the nature of a petition for rehearing upon the issue of the right to counsel fees as part of the costs taxed in favor of the claimant-respondent. The allowance of a counsel fee at this stage of the litigation would necessarily involve a revision and modification of the judgment which was affirmed and reinstated by the Supreme Court. For the reasons previously stated, I am of the opinion that I am without jurisdiction to so modify the judgment in this case. See Kansas City Southern Railway Co. v. Guardian Trust Co., 1930, 281 U.S. 1, 11, 50 S.Ct. 194, 74 L.Ed. 659. Sprague v. Ticonic National Bank, 1939, 307 U.S.

161, 59 S.Ct. 777, 780, 83 L.Ed. 1184, relied upon by claimant-respondent on its instant application is not only distinguishable factually from the situation presently confronting us, but indeed expresses the general rule that allowances for counsel fees "are appropriate only in exceptional cases and for dominating reasons of justice." Kemart Corp. v. Printing Arts Research Laboratories, Inc., 9 Cir., 1956, 232 F.2d 897, 57 A.L.R. 2d 1234, also relied upon by claimant-respondent, presents no precedent for the relief here sought. A/S J. Ludwig Mowinckels Rederi v. Commercial Stevedoring Co., Inc., 2 Cir., 1958, 256 F.2d 227, certiorari dismissed 358 U.S. 801, 79 S.Ct. 9, 3 L.Ed.2d 49, and Shannon v. United States, 2 Cir., 1956, 235 F.2d 457, involved indemnity agreements expressly undertaking reimbursement for counsel fees as between vessel owners and stevedores. Neither of these cases, nor that of Frommeyer v. L. & R. Construction Co., Inc., 3 Cir., 1958, 261 F.2d 879, cited by claimant-respondent, suffices to persuade me that the instant motion of claimant-respondent should be granted. It is therefore denied.

Appropriate orders in conformity with the views hereinabove expressed may be presented.