## HARTFORD–EMPIRE CO. v. OBEAR–NESTER GLASS CO.

No. 7453.

District Court, E. D. Missouri, E. D.

May 29, 1947.

John H. Sutherland, of St. Louis, Mo., and Hubert Hickam and Alan W. Boyd, both of Indianapolis, Ind., for plaintiff.

Kingsland, Rogers & Ezell and Jacob M. Lashly, all of St. Louis, Mo., for defendant.

HULEN, District Judge.

This action is here for dismissal on motion of plaintiff and defendant. It was started in 1926. Plaintiff sought injunction against infringement of certain patents owned by it and for an accounting of profits from the defendant arising from unlawful use. In 1928 this Court entered a decree holding claims to certain patents owned by plaintiff valid and other claims invalid. The accounting issue was referred to a Special Master. This decree on joint appeal was "affirmed" (8 Cir., 39 F.2d 769) in 1930. The Special Master in due course filed his report. The report was set aside. In that state of the records the case is now pending.

In 1939 the Government instituted an action against plaintiff and others in the District Court of the United States for the Northern District of Ohio, Western Division, for violation of Sections 1 and 2 of the Sherman Act, as amended, 15 U.S.C.A. §§ 1, 2, and Section 3 of the Clayton Act, 15 U.S.C.A. § 14. The monopolies charged in that case against plaintiff in this case, involved use of patents, including those which are the subject matter of the present action. Judgment in the antitrust action went against the plaintiff Hartford-Empire Glass Company (323 U.S. 386, 65 S.Ct. 373, 89 L.Ed. 322) and the decree in that action contained the following injunction:

"(a) Maintaining, or taking any action, other than of dismissal of a suit or defense of a counterclaim, in pursuance of any suit or suits, pending at the date this suit was

894

brought, for infringement of any patent or patents * * *."

It further provided that:

"(c) * * *; and nothing in this paragraph 16 shall be construed to permit the recovery of profits or damages for asserted infringements prior to this time * * *."

Although the final decree in the Ohio case was entered October 31, 1945, plaintiff took no steps to dismiss this case until May 8, 1947, after defendant filed a motion to dismiss on April 21, 1947. The gist of defendant's motion to dismiss is that this Court "compel plaintiff to dismiss the present action" or "this Court should compel plaintiff to dismiss the accounting proceedings herein or that this Court should dismiss same directly by sustaining, in part" defendant's motion. Plaintiff's motion seeks a dismissal of the "accounting proceedings pending herein * * * with prejudice" because plaintiff is unable to prosecute same by reason of the injunction in the decree entered in the District Court of Ohio. In plaintiff's motion to dismiss it is alleged that there is another cause pending in this Court (No. 12,456) originally instituted by plaintiff against the defendant based on certain patents, and in that case the defendant has filed a counterclaim to recover damages from plaintiff alleged to have resulted from violation by plaintiff of the antitrust laws. It is stated that as a part of its defense in case No. 12,456 plaintiff relies on the judgment heretofore entered in this cause as to the validity and rights of plaintiff to the patents referred to in the decree in this cause as res judicata. We do not consider the position of plaintiff and defendant on the pending motions as presenting a serious question. Certainly not after dispensing with some preliminary questions which have been presented.

 The opinion of the Supreme Court in the antitrust prosecution against the plaintiff in this case expressly states the Government "was not attacking the validity of any patent or claiming any patent had been awarded an improper priority." A dismissal of this action in conformity with the decree of the District Court of Ohio does not constitute of itself a ruling on the validity of any patent owned by the plaintiff. We are without power to reopen those portions of the decree of this Court which was entered on the 17th day of December, 1928 (Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11 and 12) having to do with the validity of patent claims because when the decree of this Court was appealed and affirmed by the Court of Appeals, by that ruling the decree of this Court thereby became the decree of the Court of Appeals and its action is final. Absent authority from the Circuit Court of Appeals we are powerless to modify its decree in any respect.

See: Obear-Nester Glass Company v. Hartford-Empire Company, 8 Cir., 1932, 61 F.2d 31; American Foundry Equipment Co. v. Wadsworth, 6 Cir., 1923, 290 F. 195; Universal Oil Products Co. v. Globe Oil & Refining Co., 7 Cir., 137 F.2d 3, affirmed 322 U.S. 471, 64 S.Ct. 1110, 88 L.Ed. 1399; In re Potts, 166 U.S. 263, 17 S.Ct. 520, 41 L.Ed. 994.

As we construe the mandate of the Court of Appeals in this case, filed April 2, 1938, the only issues now pending in this case before this Court are those for accounting and injunction (See Paragraphs 13, 14, 15 and 16 of decree) which are designated by the parties as "the accounting features of the case."

 If plaintiff by its motion, argument and brief is to be understood as seeking an order on the present motion which will determine the effect of the judgment in this case on the validity of its patents, on its plea of res judicata in case No. 12,456, in which defendant has a counterclaim pending, then we expressly decline that request. If and when that issue is raised in case No. 12,456 the matter will then and there be ruled as a part of the record in that case. Nor can we see that any purpose would be served either party by acceding to the request of the defendant and "compelling the plaintiff to dismiss this action." A dismissal by the Court on the motions pending is the most expeditious way to dispose of the matter.

With these observations we repeat our failure to comprehend any serious question being presented on disposal of the motions to dismiss.