## HARTFORD–EMPIRE CO. v. OBEAR-NESTER GLASS CO.

No. 12546.

District Court, E. D. Missouri, E. D.

Oct. 10, 1947.

John H. Sutherland, of St. Louis, Mo., and Hubert Hickam and Alan W. Boyd, both of Indianapolis, Ind., for plaintiff.

Kingsland, Rogers & Ezell and Jacob M. Lashly, all of St. Louis, Mo., for defendant.

HULEN, District Judge.

Plaintiff has filed a motion to strike from Count V of the second amended and supplemental counterclaim all reference to the judgment, findings and record in the case of United States v. Hartford-Empire Co., et al., 323 U.S. 386, 65 S.Ct. 373, 89 L.Ed. 322

referred to in this cause as the "Toledo case", on the ground that such allegations are "immaterial, impertinent and prejudicial". Counts I to IV of the counterclaim seek to recover damages for injuries alleged to have been suffered in consequence of anti-trust law violations by plaintiff. Count V of the counterclaim asks to have the order and judgment in case number 7453, 71 F.Supp. 893, set aside because obtained by plaintiff by fraud. Count V not containing any jury issues, the allegations complained of by plaintiff do not present a serious question. This is conceded by plaintiff. The purpose of the motion now before the Court is that the parties may "know in advance of any trial of those issues (under Count V of the counterclaim) whether the Toledo decree is or is not admissible as prima facie evidence".

The pleadings have not been made up in this case. We do not consider the present procedure and motion the proper time and means to make a final ruling on admissibility of evidence. Aside from the record in the trial such matters could properly be disposed of at a pre-trial conference when the issues in the case have been made up. We propose to hold such a conference at the proper time. However, it may serve some purpose if we make some preliminary observations on the question presented.

We have read the briefs submitted. As we understand plaintiff's position it is that proceedings in the Toledo case are inadmissible in any cause unless made admissible in evidence under the antitrust statute, 15 U.S.C.A. § 16, and that the Toledo judgment is not admissible in trial of the issues in Count V of the counterclaim because it does not plead an action brought "under said laws" as provided in Section 16, 15 U.S.C.A. § 16. The statute provides that a final judgment or decree in any criminal prosecution or suit brought on behalf of the United States under the antitrust laws that a defendant has violated the antitrust laws shall be prima facie evidence against such defendant in any suit or proceeding brought by any other party against the defendant "under" the antitrust laws as to which the decree in the Government action would be an estoppel as between the parties thereto.

As we view Count V of the amended counterclaim it presents two issues—at most. First, and principally—that any effort by plaintiff to avail itself of the decree of this Court in cause No. 7453, 71 F.Supp. 893, as a defense to Counts I, II, III and IV of the counterclaim would constitute a violation by plaintiff of the decree in the Toledo case.

Second, that the decree in cause No. 7453, 71 F.Supp. 893, was obtained by the plaintiff by fraud, and for that reason should be annulled.

I. We do not think Section 16 is decisive on the first question. Plaintiff instituted this litigation in 1938 by complaint charging defendant with infringement of certain patents alleged to be vested in the plaintiff. Plaintiff prayed for an injunction and an accounting. The decree in the Toledo case, entered October 31, 1945, stopped the plaintiff from proceeding under its complaint as the case then stood. Defendant then filed a counterclaim in two counts seeking damages under the provisions of Section 15 of the antitrust act, 15 U.S.C.A. § 15. To the counterclaim plaintiff filed a reply and as its "fifth" and "sixth" defenses set up the judgment in case No. 7453, 71 F.Supp. 893, in favor of plaintiff and against the defendant, "that plaintiff was the owner of valid patent rights therein described; that defendant was infringing same; that plaintiff was entitled to the relief given and that defendant had no valid defense to such action" and that the defendant was bound by that judgment. Defendant then filed its second amended and supplemental counterclaim, adding Count V alleging (paragraph 13) that the fifth and sixth defense set up in the plaintiff's reply was an attempt on plaintiff's part "to make further use of * * * patents and of the decree adjudging said patents valid and infringed by this defendant" which action on the part of plaintiff was in violation of the injunctive order in the Toledo case. What would have been defendant's position under the pleadings as they stood prior to the filing of its second amended and supplemental counterclaim we are not called upon to decide. Federal Rules of Civil Procedure, rule 7, 28 U.S.C.A. following section

723c is plainly to the effect that an answer to a counterclaim is the last permitted pleading. When the plaintiff filed its reply to defendant's original counterclaim defendant found itself in a quandary as to how to meet the fifth and sixth defense set up in the counterclaim in view of Rule 7. We do not think defendant is subject to criticism for filing an amended counterclaim, informing the court and the plaintiff of its position on the "fifth" and "sixth" defense rather than hazard the chance that the court would permit introduction of evidence to meet the issue without a pleading. "The new rules * * * restrict the pleadings to the task of general notice-giving * * *. The way is now clear, consistent with recognized privileges, for the parties to obtain the fullest possible knowledge of the issues and facts before trial." See Hickman v. Taylor, 329 U. S. 495, 67 S.Ct. 385, 388. We will construe the pleadings "with the liberal atmosphere surrounding" the new rules, under the mandate of the Supreme Court. It is our opinion that the decree in the Toledo case, and so much of the record as is necessary to present the issue raised in Count V, resulting from plaintiff's attempt to avail itself of the judgment in case No. 7453, 71 F. Supp. 893, as a defense in this cause, should be admitted in this cause if offered. With that evidence and such other relevant facts as the parties care to offer, the Court will then be in a position to pass on that question if and when it is presented.

II. Plaintiff would construe Count V of the amended counterclaim as a suit in equity to set aside a judgment alleged to have been procured by fraud. Assuming, but not deciding, that this Court now has jurisdiction to entertain such a proceeding, would the record in the Toledo case be admissible in support of the defendant's position? At the outset we observe that under Section 16, 15 U.S.C.A. § 16, only a "final judgment or decree" rendered in a Government proceeding "shall be prima facie evidence" in certain proceedings brought by a third party against the defendant in the Government action. Much more is contained in the pleading complained of by the plaintiff. However, it is plaintiff's position that no part of the Toledo proceeding is admissible in evidence under Count V of the counterclaim because the counterclaim does present an action "under" the antitrust laws.

■ The authorities are not uniform in their holding, on the facts of the particular case, as to when a case may be said to arise under the Constitution or laws of the United States, and particularly under the antitrust laws, although they are all based on the well recognized principle of law that whenever it appears that the correct decision of the case depends on the construction of the law of the United States, or that some title, right, privilege or immunity on which recovery depends will be defeated by one construction of the law or sustained by the opposite construction, then a case arises under the Constitution and laws of the United States. Let us examine the facts of this case and see where plaintiff's contention would lead. Plaintiff urges that the Toledo judgment is inadmissible in evidence in the trial of Count V. Therefore it must be plaintiff's position that this Court must try de novo the issue of violation of the antitrust laws by the plaintiff which were, among others, tried and finally adjudicated in the Toledo case. If we should try that issue anew under Count V of the counterclaim and perchance reach the conclusion that the defendant has failed to sustain its position, the paradoxical situation would then be presented of plaintiff having been convicted of violating the antitrust laws in the district court in the State of Ohio, but on part of the same issues as were found against plaintiff in that case the plaintiff would be found innocent in the district court in Missouri and a judgment which the plaintiff was enjoined from taking any action on other than the dismissal by the Toledo, Ohio, district court would be found a valid judgment by the Missouri district court. Only the most persuasive authority of a superior court would lead this Court to a ruling on evidence contemplative of the possibility of such a result.

For all practical purposes defendant's action is for damages and Count V of de-

fendant's counterclaim is a part of the defendant's pleading in its cause of action for damages. It is the defendant's position that under the decree in the Toledo case the judgment of this Court in case No. 7453, 71 F.Supp. 893, no longer has any force or effect. Based on the decree in the Toledo case, and Section 15 of the anti-trust Act, 15 U.S.C.A. § 15, defendant seeks damages against the plaintiff under Counts I, II, III, and IV of the amended counterclaim. There is no dispute between the parties that these counts of the amended counterclaim constitute an action brought "under" the antitrust Act, 15 U.S.C.A. § 16. Plaintiff has injected the judgment of this Court in case No. 7453, 71 F.Supp. 893, into these proceedings as a defense to an action "under" laws of the United States. The defendant replies to this move by the plaintiff with the charge that the judgment in case No. 7453, 71 F.Supp. 893, should be set aside because obtained by the plaintiff by fraud. It follows, we conclude, that the judgment in case No. 7453, 71 F.Supp. 893, is so inextricably connected with the issues under Counts I, II, III and IV, as raised by plaintiff, it cannot be disassociated from them solely for the purpose of Count V of the amended counterclaim. If defendant had filed a separate action setting up solely the matters contained in Count V of the counterclaim, and if defendant's position is correct as to the effect of the Toledo judgment, such a case would be terminated as moot because under the decree in the Toledo case the plaintiff could take no action other than a dismissal in case No. 7453, 71 F.Supp. 893. The effect of Count V of the counterclaim serves only to form the pleadings on the first four counts of the amended counterclaim and if offered, and the Court entertains jurisdiction, the decree in the Toledo case would be admissible in this case on the issue whether this Court should set aside the judgment in case No. 7453, 71 F.Supp. 893.

### Order

Motion of plaintiff to strike from the second amended and supplemental counterclaim the allegations referred to in the motion, is overruled.