## In re N. V. ZUID-HOLLANDSCHE SCHEEP-VAART MATTSCHAPPIJ OF ROTTERDAM.

### No. 6916.

Circuit Court of Appeals, Fifth Circuit.

May 1, 1933.

Dickson H. Carter, of Pensacola, Fla., for petitioner.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

PER CURIAM.

This is a petition for a writ of mandamus to the District Court for the Northern District of Florida. In the case of The Driebergen, 60 F.(2d) 367, we reversed the judgment of that court and remanded the case for further proceedings not inconsistent with the opinion. The case involved the construction of a charter party as to the provision for dispatch money. In substance, the charterer contended that it was entitled to use all clearance days for loading and still charge dispatch money for the clearance days as days saved. In support of this contention it was averred, in an amendment to the answer, that such was the almost universal construction among shippers and shipowners. The contention of the charterer found favor with the District Court, but that ruling was reversed by us. When the mandate went down to the District Court, the charterer was allowed, over the objection of libelant, to file an amendment to its answer setting up with more particularity and with more positive averment the same contention, adding without qualification that the custom is universal. Mandamus is sought to correct this action of the District Court.

It is settled that if the lower court misconstrues a decree of an appellate court and does not give full effect to the mandate, his action may be controlled by a writ of mandamus. Whatever was before the appellate court and disposed of by the decree is considered as finally settled and becomes the law of the case. The trial court must carry the decree into execution according to the mandate. In re Potts, Petitioner, 166 U. S. 263, 17 S. Ct. 520, 41 L. Ed. 994. The case was tried in the District Court on the libel, with the charter annexed, and the answer. In dis-

posing of the case we said, in effect, that the amendment to the answer setting up the custom was a mere conclusion of the pleader and without probative force. It appears from the response of the District Court to a rule nisi issued herein that he thought that since the opinion of this court alluded to respondent's defenses as mere conclusions, it was right and proper to allow the respondent to set forth by amendment the material and pertinent facts.

Of course, when a judgment is reversed and the case remanded for further proceedings not inconsistent with the opinion, it might be proper to permit a consistent amendment to the pleadings and to take evidence in support thereof. But the trial court is without authority to permit an amendment setting up a repetition of a prior defense that had been passed upon by the appellate court. While it is true that we stated in the opinion that the allegations of the prior amendment were mere conclusions, without probative force, we also said this: "If taken as true, so far as stating the customary construction of other similar contracts by the parties, that custom would not be binding on either the parties in this case or the courts." It follows that the District Court has misconstrued our opinion. The construction of the contract was definitely settled and was not open to further inquiry.

A minor question arose on the appeal as to whether certain days on which there was rain were to be considered lay days. We treated this question somewhat fully in the opinion and remanded the case solely for a determination as to these days. That question and that alone was left open for the District Court to pass upon.

As the District Court submits himself as ready to proceed in accordance with the further directions of this court, it is unnecessary at this time to issue the writ prayed for. A copy of this opinion will be certified to the District Judge for his guidance.