## In re UNITED STATES.
### No. 14690.

United States Court of Appeals
Fifth Circuit.

Oct. 22, 1953.

William Cantrell, Jr., Asst. U. S. Atty., Dallas, Tex., William W. Goodrich, Atty., Dept. of Health, Education & Welfare, Washington, D. C., Frank B. Potter, U. S. Atty., William O. Braecklein, Asst. U. S. Atty., Dallas, Tex., for petitioner.

Before HUTCHESON, Chief Judge, and RUSSELL and RIVES, Circuit Judges.

PER CURIAM.

Alleging that, though directed by the mandate of this court[1] to "order an injunction to issue as prayed", the district judge had failed and refused to do so, the United States of America filed its

1. In accordance with its opinion, United States v. Hoxsey Cancer Clinic, 198 F.2d 273.

petition,[2] praying that a writ of mandamus issue to Judge William H. Atwell, Judge of the United States District Court for the Northern District of Texas, "To vacate and expunge the final decree of June 29, 1953, so far as it fails to conform to the mandate of this Court, by striking from the said final decree the

2. As the petition briefly and correctly alleges them, these are the substantial facts on which the claim of the United States to relief is based:

"1. On November 15, 1950, the United er States instituted an action in the United States District Court for the Northern District of Texas by filing a complaint wherein a statutory injunction, under the Federal Food, Drug and Cosmetics Act, was sought to restrain the Hoxsey Cancer Clinic, a partnership, and Harry M. Hoxsey, an individual, from introducing into interstate commerce certain liquid medicines represented by labeling as effective in the treatment of internal cancer in man. Defendants answered. The case came on for trial before the Court and resulted in a judgment for the defendants. The trial court's opinion dismissing the cause is reported at 94 F.Supp. 464.

"2. The United States duly perfected its appeal to this Court, and the cause was there argued and submitted. On July 31, 1952, this court decided the cause, reversed the said judgment and remanded the case with direction that the trial court order an injunction as prayed. This court's opinion is published at 198 F.2d 273.

"3. The said Hoxsey Cancer Clinic and Harry M. Hoxsey filed a petition for a writ of certiorari in the Supreme Court of the United States, and On Feb. 2, 1953, the Supreme Court denied the petition, 344 U.S. 928, 73 S.Ct. 496. A motion for rehearing on the said petition was denied on Mar. 9, 1953, 345 U.S. 914, 73 S.Ct. 642.

"4. On Feb. 7, 1953, this Court's mandate was issued, directed to the said United States District Court for the Northern District of Texas. A copy of the mandate is attached hereto as Exhibit 'A'.

"5. The United States thereupon prepared and submitted to the Honorable William H. Atwell, Judge of the United States District Court for the Northern District of Texas, a proposed decree and requested that it be entered in conformance with the said mandate.

"6. The Honorable William H. Atwell directed counsel for the United States to submit the proposed decree to opposing counsel for approval. After diligent efforts to obtain such approval failed, counsel for the United States advised Judge Atwell that James H. Martin, local counsel for the defendants, had disapproved the decree and that said counsel for the United States was unable to obtain approval from the principal counsel for the defendants, Herbert K. Hyde of Oklahoma City. Counsel for the United States thereupon renewed his request that the proposed decree be entered. A copy of the proposed decree is attached as Exhibit 'B'.

"7. On June 12, 1953, Judge Atwell, by letter to counsel, advised William Cantrell, Jr., Assistant United States Attorney, that he had examined the Government's proposed decree and that he would sign it on June 29, 1953, when the case was set for final disposition. A copy of Judge Atwell's letter to counsel is attached as Exhibit 'C'.

"8. Upon receipt of a copy of Judge Atwell's letter, Lee Williams, one of the attorneys for the Hoxsey Cancer Clinic and Harry M. Hoxsey, requested and received a copy of the decree proposed by the government, and thereupon submitted an alternative proposal for a decree. This alternative proposal, a copy of which is attached as Exhibit 'D', was approved by the Court and signed as the final judgment on June 29, 1953. A transcript of the proceedings before the said Court incident to such signing is attached as Exhibit 'E'."

[The substantial difference in the two decrees consists of the addition of these words "without appropriate qualifying statements revealing the conflict of medical opinion as to the truth of such representations."]

Based upon these facts, the petition proceeds as follows:

"9. Petitioner believes that the final decree is not in accordance with the mandate of this Court insofar as it authorizes the continued interstate distribution of the Hoxsey cancer medicines on condition that claims of effectiveness as cancer cures be qualified by a statement that there is a conflict of medical opinion as to the truth of such claims. This court has ruled that claims that the Hoxsey medicines will cure cancer are false in fact, thus leaving no room for asserted differences of medical opinion.

"10. Petitioner is advised and believes that a Writ of Mandamus is ap-

words reading as follows: 'without appropriate qualifying statements revealing the conflict of medical opinion as to the truth of such representations.' "

A show cause order having issued as prayed in the petition, Judge Atwell filed his answer to the order as follows:

"Comes now William H. Atwell, Judge of the United States District Court for the Northern District of Texas, in answer to the order made by this Honorable Court, which order is dated February 7th, 1953, and which order is predated before the complained of injunction was signed by me. Such order was not signed until June 29, 1953.

"Such order in all respects, corresponds to the judgment of this Honorable Court, save and except the paragraph which is now objected to by the government, reading as follows:

"Without appropriate qualifying statements revealing the conflict of medical opinion as to the truth of such representations.'

"The opinion of this Honorable Court shows distinctly that it recognized that there were different opinions as to the curative value and power of the defendant's remedies.

"In addition to such statement by this Honorable Court in its opinion was the great volume of testimony from witnesses in person who appeared and testified that they had been cured of skin cancer by the defendant's treatment and remedies. Photographs of the afflicted persons, both men and women, were offered in evidence, and identified by the respective witnesses as photographs of themselves when they were so suffering. And as they testified in court, there were no such blemishes, or, skin disorders that could be seen."

"This statement is made with great respect and with the statement that the McAnnulty healing case, 187 United States * when reexamined, as shown 338 United States,† does not do away with the power of the trial court to pass upon the weight and credibility of the testimony.

"In the oral opinion which I rendered at the conclusion of the trial of the case, I held the government had not satisfied the burden of proof resting upon it."

"With great respect, I am

"Yours very earnestly,

"(S.) W. H. Atwell,

"United States District Judge."

Thereafter an application was made to this court by the Hoxsey Cancer Clinic and Harry M. Hoxsey for leave to intervene in the mandamus proceeding. In

---

propriate to control the action of a district court when such lower court has misconstrued the mandate of the Appellate Court and has not complied with the said mandate."

"Wherefore petitioner prays that a writ of mandamus may be issued out of and under the seal of this court, directed to the Honorable William H. Atwell, Judge of the United States District Court for the Northern District of Texas, commanding and requiring him as follows:

"To vacate and expunge the final decree of June 29, 1953, so far as it fails to conform to the mandate of this Court, by striking from the said final decree the words reading as follows: 'without appropriate qualifying statements revealing the conflict of medical opinion as to the truth of such representations.'

"Petitioner further prays that an order may be issued, directed to the said William H. Atwell, Judge of the United States District Court for the Northern District of Texas, requiring him to show cause in this court, at a time to be designated, why he should not vacate and expunge the judgment entered on June 29, 1953, and enter judgment according to the terms of the said mandate of this court as aforesaid."

* American School of Magnetic Healing v. McAnnulty, 187 U.S. 94, 23 S.Ct. 33, 47 L.Ed. 90.

† Reilly v. Pinkus, 338 U.S. 269, 70 S.Ct. 110, 94 L.Ed. 63.

the alternative, if such leave was denied, its counsel sought leave to file a brief *amicus curiae*. Leave to intervene was denied, leave to file a brief *amicus curiae* was granted, and the brief was filed.

▮▮▮ We are of the clear opinion, for the reasons hereafter briefly stated, that the decree of the court to the extent complained of in the petition is in direct conflict with our mandate, that the answer of the district judge to the show cause order not only presents no reason why the mandate should not issue as prayed, but, on the contrary, shows that it should, and that the complained of paragraphs should be stricken and expunged from the decree.

"It is settled that if the lower court misconstrues a decree of an appellate court and does not give full effect to the mandate, his action may be controlled by a writ of mandamus. Whatever was before the appellate court and disposed of by the decree is considered as finally settled and becomes the law of the case. The trial court must carry the decree into execution according to the mandate. In re Potts, Petitioner, 166 U.S. 263, 17 S.Ct. 520, 41 L.Ed. 994." In re N. V. Zuid-Hollandsche Scheepvaart Mattschappij of Rotterdam, 5 Cir., 64 F.2d 915.

The district judge, in his letter attached as Exhibit "C" to the petition, in which he stated that he would sign the decree presented by the United States for entry, recognized this to be the law. In that letter he stated, "The order seems to be in accordance with the direction of the Circuit Court of Appeals and I will sign the order on June 29th, when the case is set down for final disposition."

▮▮▮ Instead, however, of signing the order as presented, he added to it language which had the effect of emasculating, if not of completely nullifying, the mandate. This is made plain not only by a comparison of mandate and decree but by the respondent's answer. Conceding in it that the complained of addition to the decree, "without appropriate qualifying statements revealing the conflict of medical opinion as to the truth of such representations", does not correspond to the judgment of this court, he attempts to justify its use in his decree by challenging the correctness of the mandate. Stating, "The opinion of this Honorable Court shows distinctly that it recognized that there were different opinions as to the curative value and power of the defendant's remedies. * * * that the McAnnulty healing case, 187 United States, when re-examined, * * * does not do away with the power of the trial court to pass upon the weight and the credibility of the testimony. * * * In the oral opinion which I rendered at the conclusion of the trial of the case, I held the government had not satisfied the burden of proof resting upon it.", he asserts in effect that he has a right to correct our mandate to conform to these views.

Thus reasserting the correctness of his judgment, which this court had reversed, and the incorrectness of our judgment reversing it, the respondent instead of confessing error in not accepting and giving effect in his decree to the judgment of reversal, defends the reinstatement of his own judgment to the extent accomplished by the addition to the decree. This he may not do.

▮▮▮ In accordance, however, with the practice of this court, which proceeds on the assumption that the district judge will conform to this court's directions herein contained, without the necessity of issuing the writ prayed for, In re N. V. Zuid-Hollandsche Scheepvaart Mattschappij of Rotterdam, supra, a copy of this opinion will be certified to the district judge for his guidance, and the writ will not at this time issue.