**Elizabeth Kley CRISCUOLO, Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellee,**

and

**Audrey Schmuck Zoch Linde, Defendant-Appellant.**

**No. 12052.**

United States Court of Appeals Seventh Circuit.

Dec. 27, 1957.

James E. Hastings, Michael A. Gerrard and Erving S. Sternberg, Chicago, Ill., for appellant.

Clarence Kammermann, Robert Tieken, U. S. Atty., Chicago, Ill., for appellees.

Before DUFFY, Chief Judge, and LINDLEY and PARKINSON, Circuit Judges.

LINDLEY, Circuit Judge.

In Criscuolo v. United States, 239 F. 2d 280, we held that the evidence before the district court was sufficient to establish a change of beneficiary in a National Service Life Insurance policy. Plaintiff, the mother of the insured, the original named beneficiary, had asserted a claim to the proceeds of the policy. The widow of the deceased claimed that a change of

beneficiary had occurred, and presented testimony in an effort to show (1) that there had been an intent on the part of the insured to change the beneficiary and, (2) that an affirmative act, supporting such intent, had been proved. See Moths v. United States, 7 Cir., 179 F.2d 824; Prose v. Davis, 7 Cir., 177 F. 2d 478.

At the original trial, upon conclusion of the widow's evidence, the district court granted plaintiff's motion to dismiss and entered judgment in her favor, saying: "Witnesses were produced in support of the widow's claim but the evidence fell far short of establishing the fact that a change in the beneficiary had been made." [239 F.2d 281.]

In our opinion, upon a review of the evidence, we concluded that there was ample proof of an intent on the part of the insured to substitute his wife as the beneficiary under the policy, and that the testimony of Leonard Yelvington was sufficient to satisfy the affirmative act requirement. We added (239 F.2d at page 283): "Here we think the soldier's intention was clearly proved as well as the affirmative act which he took to make the change effective." We reversed "with directions to enter judgment in favor of the defendant Audrey Schmuck Zoch Linde."

On petition for rehearing, it was pointed out that plaintiff had been denied the opportunity of presenting any evidence, inasmuch as the appeal by the widow of the insured was from a judgment entered upon a motion to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. 28 U.S.C.A. The petition specifically requested that the cause be remanded in order that plaintiff might have an opportunity to present her evidence. Rule 41(b) specifically provides that the presentation of a motion to dismiss does not constitute a waiver of the right to offer evidence. Based upon this rule, we concluded that plaintiff had in no way waived her right to present evidence. Consequently, as plaintiff was entitled to have her day in court, we modified the last sentence of

our opinion to read as follows: "Judgment reversed and remanded for further proceedings not inconsistent with this opinion", and incorporated this latter direction in the mandate. Obviously, our sole purpose in thus modifying our opinion was to allow plaintiff to present evidence which might discredit, contradict, or overcome the testimony presented by the widow, Audrey Linde, which, we held, was sufficient in itself to establish her claim as substituted beneficiary.

However, upon remand, plaintiff did not offer any evidence, but merely renewed her motion to dismiss. In attempting to proceed in accord with our mandate, the district court had this to say: "But they also say: 'Ordinarily this Court is not concerned with the credibility of witnesses. This is a function for the trial court. In the case at bar the Court did nothing to indicate that it did not believe any of the four witnesses.' I don't know of any reason in the world why I can't say in a subsequent memorandum which might be filed here, what I think relative to the credibility of the witnesses." Thereafter, the court again allowed plaintiff's motion to dismiss, without considering any further evidence. Thus, in this second appeal by the widow, except for additional findings of the court below, this case is in precisely the same posture now as it was on the previous appeal.

As we have observed, we remanded the cause for the sole purpose of allowing plaintiff an opportunity to present evidence to overcome that of the widow. Thus the court below, in merely re-entering the order we had reversed, misconstrued the mandate of this court. In addition, by merely amending its findings to justify its original decision, the district court deviated from the law of the case as established by this court on the previous appeal; Kaku Nagano v. Brownell, 7 Cir., 212 F.2d 262; In re United States, 5 Cir., 207 F.2d 567; Pet Milk Co. v. Boland, 8 Cir., 185 F.2d 298, for, as previously stated, on the first appeal we determined that the widow had sustained her burden of proof, and had

established, by the evidence presented, that there had been a change of beneficiary. It is beyond all question, we think, that matters decided on appeal constitute the law of the case where no additional evidence is received.

Obviously, plaintiff acted incorrectly upon remand in reasserting her motion to dismiss rather than proceeding to offer evidence. However, from an examination of the record we conclude that she has not waived her right to present evidence in her own behalf if she so desires.

The judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.