**GULF COAST BUILDING AND SUPPLY COMPANY, Inc., Plaintiff-Appellant,**

v.

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL NO. 480, AFL–CIO, Defendant-Appellee.**

**No. 71–1865.**

United States Court of Appeals, Fifth Circuit.

May 12, 1972.

Louis H. Watson, Jackson, Miss., Willis C. Darby, Jr., Mobile, Ala., for plaintiff-appellant.

Dixon L. Pyles, Pyles & Tucker, Jackson, Miss., for defendant-appellee.

Before RIVES, BELL and MORGAN, Circuit Judges.

BELL, Circuit Judge:

This appeal is taken from an order correcting a judgment theretofore entered by the district court. The sole issue for review is whether that order was properly entered. We hold that it was not and reverse.

On April 28, 1969, the district court entered judgment for Gulf Coast against Local 480, International Brotherhood of Electrical Workers, upon a jury verdict awarding damages for injuries sustained as a result of a secondary boycott in violation of 29 U.S.C.A. § 187. As a part of the judgment, the district court also awarded interest at six per cent per annum from the date on which the suit was filed until the date the judgment was paid. The cause was appealed and we affirmed. Gulf Coast Building and Supply Company v. International Brotherhood of Electrical Workers, Local No. 480, AFL–CIO, 5 Cir., 1970, 428 F.2d 121, cert. denied 400 U.S. 942, 91 S.Ct. 240, 27 L.Ed.2d 246 (1970). No point was made on appeal however, as to prejudgment interest.

On February 4, 1971, the Western Casualty & Surety Company, surety on the supersedeas bond filed by Local 480, tendered into the registry of the district court the principal sum due plus interest from the date on which the suit was filed. By way of an interpleader suit, Western requested the district court to determine the ownership of these funds. In its answer and claim in interpleader, Local 480 contended that the district court had erred as a matter of law in awarding prejudgment interest. The district court agreed. Treating the Local's pleading as a request for relief under Rule 60(b), F.R.Civ.P., the court ordered the judgment reformed to allow interest only from the date of the judgment.[1]

There are two reasons for our conclusion that the district court erred in reforming the judgment. Either is sufficient for purposes of reversal.

The first of these emanates from the controlling nature of the mandate issued when this case was before us on direct appeal. It is true that the award of prejudgment interest was never contested in the trial court nor assigned as error to this court. The question thus is whether our affirmance on the direct appeal is conclusive as to the district court under the circumstances on the issue of prejudgment interest.

We have not previously considered such a question in the context of a Rule 60(b) motion. The usual rule is that "[A] mandate is completely controlling as to all matters within its compass, but on remand the trial court is free to pass upon any issue which was not expressly or impliedly disposed of on appeal." Foley v. Smith, 5 Cir., 1971, 437 F.2d 115, 116. Likewise we have adopted the view that "whatever was before the appellate court and disposed of by the decree is considered as finally settled and becomes the law of the case." In re United States, 5 Cir., 1953, 207 F.2d 567, 570.

---

1. The district court reached this result by applying 28 U.S.C.A. § 1961:

"Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at the rate allowed by State law."

■ Here the entire judgment including the prejudgment interest was affirmed on appeal and the affirmance was a part of our mandate. The entire judgment was presented to this court and all issues therein were expressly or impliedly disposed of on the appeal. Cf. *Home Indemnity Co. of New York v. O'Brien*, 6 Cir., 1940, 112 F.2d 387, 388.

■■ The district court was also in error in applying Rule 60(b),[2] even assuming that it was not bound by the mandate of this court on the direct appeal. Local 480 claims relief under Rule 60(b) (1), (4), and (6). Clause (b) (1) is not available since Local 480 failed to make its motion within one year from the date of the judgment of the district court. The one year limitation is not tolled by an appeal. *Transit Casualty Co. v. Security Trust Co.*, 5 Cir., 1971, 441 F.2d 788.

■ Moreover, where the reason for relief is embraced in Clause (b) (1), the one year limitation cannot be circumvented by use of Clause (b) (4) or (b) (6). See Moore's Federal Practice ¶ 60.28[2], p. 401, citing *Ackermann v. United States*, 1950, 340 U.S. 193, 71 S. Ct. 209, 95 L.Ed. 207; *Klapprott v. United States*, 1949, 335 U.S. 601, 69 S.

Ct. 384, 93 L.Ed. 266. Clearly, Local 480's claim is within the mistake or inadvertence portion of Clause (b) (1) if it is within the ambit of Rule 60(b) at all. See *Meadows v. Cohen*, 5 Cir., 1969, 409 F.2d 750, fn. 4.

■ In no event is Clause (b) (4) applicable. This is for the reason that the judgment in question, if assumed to be defective due to an error in law, is not for that reason void. See *Annat v. Beard*, 5 Cir., 1960, 277 F.2d 554, 559.

■ Relief under Clause (b) (6) would also be unavailable. Where either Clauses (b) (1), (2), (3), (4), or (5) provide coverage for the movant's claim, relief may not be obtained pursuant to Clause (b) (6). 7 Moore's Federal Practice ¶ 60.27[1], p. 343. As noted, the applicable clause here is (b) (1).

In sum, the district court lacked power to alter its judgment of April 28, 1969 in light of this court's subsequent affirmance on direct appeal. Even without that restriction on its power, the district court could not properly have granted relief on the basis of Rule 60(b).

Reversed and remanded for further proceedings not inconsistent herewith.

---

2. Rule 60(b):
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken . ."