**WILLIAM SKILLINGS & ASSOCIATES, Plaintiffs,**

v.

**CUNARD TRANSPORTATION, LTD., Defendant.**

**CAUDAL ENTERPRISES, LIMITED, Defendants-Appellants,**

v.

**Edna SHOPOFF, as Administratrix of the Estate of Darwin Shopoff, Defendant-Appellee.**

No. 78–3148
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 14, 1979.

Rehearing Denied June 12, 1979.

---

* Rule 18, 5 Cir.; See *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

Nancy Little Hoffmann, Kerry J. Nahoom, Fort Lauderdale, Fla., for defendants-appellants.

Edna Shopoff, pro se.

Before CLARK, GEE and HILL, Circuit Judges.

PER CURIAM:

William Skillings, Charles Whitfield and Darwin Shopoff formed a partnership, registered under the name "William Skillings and Associates." The partnership entered into a contract with Stanton R. Miller and others to provide for the docking and berthing of the oceanliner RMS "Queen Elizabeth" at Port Everglades, Florida. On February 20, 1969, William Skillings and Associates brought suit against Miller, et al., for breach of contract. The suit was filed in the federal district court for the Southern District of Florida under diversity jurisdiction. During the pendency of the litigation, one of the partners in Williams Skillings and Associates, Darwin Shopoff, died. Edna Shopoff, as administratrix of her husband's estate, was brought into the action as a party. From the time Mrs. Shopoff was brought into the action, she asserted an individual and separate one-third interest in the amount claimed against Miller, et al. On April 13, 1960, the District Court granted summary judgment for $130,000 against Miller, et al., on behalf of "W. H. Skillings, Edna Shopoff, and Charles R. Whitfield, jointly and severally." [1]

1. The final judgment reads:

WHEREAS the joint motion of the plaintiffs, W. H. SKILLINGS, et al, and of the Impleaded Defendant, EDNA SHOPOFF, etc., for the entry of a Summary Judgment against the named Defendants, jointly and severally, was granted by this Court by Order dated April 13, 1970; and

WHEREAS, the Impleaded Defendant, EDNA SHOPOFF, as Administratrix of the Estate of Darwin Shopoff, is accepted by agreement of counsel as the substitute for

Two years later, on April 7, 1972, William Skillings executed a release from the judgment on behalf of "William Skillings and Associates, a partnership" for the sum of $15,000. The release was negotiated by Stanton Miller on behalf of all judgment debtors.

In 1974, Edna Shopoff sought to execute on the judgment by registering it in the Eastern District of Pennsylvania, the residence of Stanton Miller. The judgment debtors moved to have the judgment marked as satisfied by the release. The Pennsylvania district court refused to mark the judgment as satisfied, but held that its decision on the motion was without prejudice to its renewal in the Southern District of Florida, the original forum. The judgment debtors then brought a motion under Rule 60(b) in the Florida district court to have the judgment marked as satisfied. The district court denied the motion and this appeal was taken.

The position of the judgment debtors in both the district court and on appeal is that under the substantive law of partnerships in Florida, Edna Shopoff had no individual right to any separate interest in the judgment. Even though the death of Darwin Shopoff ended the partnership, the judgment debtors argue, William Skillings, as the senior partner, was authorized to wind up the partnership's affairs. Mrs. Shopoff could not under Florida law have any entitlement to a portion of the judgment separate from the partnership, they maintain, because the suit was commenced and should have been concluded only in the name of the partnership itself. Thus, they conclude, the release in the name of the partnership

necessarily released them from liability to Mrs. Shopoff.

■ The district court correctly denied the relief sought by the defendants under Rule 60(b). The judgment by its terms declares that "W. H. Skillings, Edna Shopoff, and Charles R. Whitfield, jointly and severally" have judgment against Miller et al. Not only does "William Skillings and Associates" not appear on the face of the judgment, but the judgment also specifically directs that satisfaction be made by making payment to "W. H. Skillings, Edna Shopoff, Charles R. Whitfield, as principals, and Raymond T. Greene, and C. Shelby Dale, as attorneys." The release of the judgment debtors in the name of the partnership alone simply does not satisfy the terms of the judgment and the district court correctly refused relief under Rule 60(b)(5).

■ Nor is any relief proper under any other provision of Rule 60. As the district court noted, the judgment debtors' argument is not really based on the theory that the judgment has been satisfied, but on the theory that the form of the judgment was incorrect in not being limited to the name of the partnership. In effect, they argue that they have satisfied the judgment as it should have been made. To grant relief under that theory, the court would be forced to go behind the judgment and consider the merits of the case, finding the judgment to be erroneous, or rendered by mistake or inadvertence. If any relief were ever available to the defendants on those grounds, it would have been on a motion under Rule 59(e) to alter or amend the

the named Plaintiff DARWIN SHOPOFF: and

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that W. H. SKILLINGS, EDNA SHOPOFF, and CHARLES R. WHITFIELD, jointly and severally, have Judgment against CAUDAL ENTERPRISES LIMITED, AIRPORT BOATEL CORP., STANTON R. MILLER, ROBERT B. MILLER, and CHARLES F. WILLARD, jointly and severally, for the sum of ONE HUNDRED THIRTY THOUSAND ($130,000.00) DOLLARS to-

gether with interest on said sum from November 4, 1968 to the date of payment, and with costs as may be taxed; and

IT IS FURTHER ORDERED that execution of said Final Judgment is stayed until May 22nd, 1970; and

IT IS FURTHER ORDERED that satisfaction of this judgment be made by making payment to "W. H. SKILLINGS, EDNA SHOPOFF, CHARLES R. WHITFIELD, as principals, and RAYMOND T. GREENE, and C. SHELBY DALE, as attorneys.

judgment, which must have been made within 10 days of the entry of judgment, or on a motion under Rule 60(b)(1) that the original judgment was based on mistake or inadvertence, which must have been made within one year of the judgment.[2] No relief is available under Rule 60(b)(4) on the grounds that the judgment is void. A judgment is not void because it is erroneous. *Gulf Coast Building and Supply Company v. International Brotherhood of Electrical Workers, Local No. 480,* 460 F.2d 105, 108 (5th Cir. 1972). Nor is relief recognizable under Rule 60(b)(6) ("any other reason justifying relief from the operation of [a] judgment"), since Rule 60(b)(6) is unavailable when the relief sought is within the coverage of some other provision of Rule 60(b). *Gulf Coast Building,* supra, 460 F.2d at 108. No other provision of the Rule is applicable. *See generally* 11 Wright and Miller, Fed.Prac. and Proc., §§ 2859, 2860.

The release given to judgment debtors on behalf of the partnership does not satisfy the terms of the judgment and the judgment debtors are too late in asserting that the terms of the judgment were incorrect. The district court properly refused to grant the motion.

AFFIRMED.

---

**2.** Rule 60(a), which the defendants have properly not attempted to invoke, only allows for the correction of clerical mistakes, and may not be used as a vehicle for the type of substantive legal attack on the judgment made by the judgment debtors. *See* 11 Wright and Miller, Fed. Prac. and Proc. § 2854.