[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 24, 2005
THOMAS K. KAHN
CLERK

No. 05-12256
Non-Argument Calendar

_____

D. C. Docket No. 01-04645-CV-JAL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ONE MILLION FOUR HUNDRED FORTY-NINE THOUSAND FOUR
HUNDRED SEVENTY-THREE DOLLARS AND THIRTY-TWO CENTS
($1,449,473.32) IN UNITED STATES CURRENCY,

Defendant,

BARUCH JAIRO VEGA,

Claimant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 24, 2005)

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Baruch Jairo Vega appeals the district court's denial of his Federal Rule of Civil Procedure 60(b) motion for relief from the district court's entry of default judgment in the Government's *in rem* forfeiture action, pursuant to 21 U.S.C. § 881(a)(6) and 28 U.S.C. § 2461. We affirm the district court.

"[A] district court's order under Rule 60(b) is reviewable only for abuse of discretion." *Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999). Rule 60(b) provides "the [district] court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

Rule 60(b)(1) "encompasses mistakes in the application of the law[,]" including judicial mistakes. *Parks v. U.S. Life and Credit Corp.*, 677 F.2d 838, 840 (11th Cir. 1982). Claims under Rule 60(b)(1) are required to be brought within one year from the district court's judgment. *See Gulf Coast Bldg. & Supply Co. v. Int'l Bhd. of Elec. Workers*, 460 F.2d 105, 108 (5th Cir. 1972).[1] The one-year limitation is not tolled by an appeal and cannot be circumvented by the use of

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

Rule 60(b)(6). *See id.* "'[T]his Court consistently has held that 60(b)(1) and (b)(6) are mutually exclusive. Therefore, a court cannot grant relief under (b)(6) for any reason which the court could consider under (b)(1).'" *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993) (citation omitted).

The district court did not err in construing Vega's motion as filed pursuant to Rule 60(b)(1) because the motion sought relief based on a decision of this Court and alleged the district court misapplied then existing law when it entered the default judgment. *See Parks*, 677 F.2d at 840. Vega's motion was filed more than one year after the entry of judgment, making it untimely as a Rule 60(b)(1) motion. *See Gulf Coast*, 460 F.2d at 108. Because Vega's motion relied on Rule 60(b)(1) grounds, relief could not be granted under Rule 60(b)(6), nor could the one-year timeliness requirement be subverted through Rule 60(b)(6). *See id.*; *Cavaliere*, 996 F.2d at 1115. Therefore, the district court did not abuse its discretion by denying Vega's Rule 60(b) motion.

**AFFIRMED.**