[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 15-12919; No. 15-13079
Non-Argument Calendar

_____

D.C. Docket No. 6:08-cv-00829-MSS-KRS

SECURITIES AND EXCHANGE COMMISSION,
SECURITIES INVESTOR PROTECTION CORPORATION,

Plaintiff-Appellees,

versus

NORTH AMERICAN CLEARING, INC., et al.,

Defendants,

RICHARD L. GOBLE,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(July 13, 2016)

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

In these consolidated appeals, Richard Goble appeals the district court's denial of two motions—one seeking relief from judgment under Fed. R. Civ. P. 60 and another seeking to compel the return of property that was allegedly frozen—following a lawsuit brought by the Securities and Exchange Commission ("SEC") in which Goble was found to have violated securities laws while managing his company, North American Clearing, Inc. ("NACI"). Goble argues that the district court abused its discretion by denying those motions, in which he argued the district court should reconsider its earlier orders in light of a bankruptcy court order finding that certain transfers from NACI to Goble were not fraudulent and that NACI was not undercapitalized at the time of the transfers. Goble argues that the bankruptcy court's findings show that the SEC committed a fraud on the district court. Upon review of the record and the parties' briefs, we affirm the district court's denial of both of Goble's motions.

## I.

We review the denial of a Rule 60(b) motion for an abuse of discretion. *Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999). We review the denial of a Rule 60(d)(3) motion for abuse of discretion. *Booker v. Dugger*, 825 F.2d 281, 285 (11th Cir. 1987). We may affirm a decision

of the district court on any ground supported by the record. *Bircoll v. Miami-Dade Cnty.*, 480 F.3d 1072, 1088 n.21 (11th Cir. 2007).

Rule 60(b)(3) provides relief from a final judgment where the opposing party has committed fraud. Fed. R. Civ. P. 60(b)(3). Motions under Rule 60(b)(3) must be brought within one year of the relevant order or judgment. *Id*. 60(c)(1). The movant must establish by clear and convincing evidence that the opposing party obtained the order or judgment through fraud. *Cox Nuclear Pharm., Inc. v. CTI, Inc.*, 478 F.3d 1303, 1314 (11th Cir. 2007). Mere conclusory statements of the existence of fraud will not suffice. *Booker*, 825 F.2d at 283-84.

Rule 60(b)(6), or "the catchall provision," authorizes relief for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6); *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (quotation omitted). Relief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances, and that, absent such relief, an extreme and unexpected hardship will result. *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Rule 60(b)(6) motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief. *Cano*, 435 F.3d at 1342.

Rule 60(b) motions must be filed within a "reasonable time," or, for subsections (1), (2), and (3), within a year of judgment. Fed. R. Civ. P. 60(c)(1).

Importantly, the fact that the rule itself imposes different time limits on motions under Rule 60(b)(6) and 60(b)(1)-(3), has led to the conclusion that the grounds specified under the other subsections will not justify relief under subsection (6). *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 402 n.3 (5th Cir. Jan. 26, 1981). In other words, "[w]here either Clauses (b)(1), (2), (3), (4), or (5) provide coverage for the movant's claim, relief may not be obtained pursuant to Clause (b)(6)." *Gulf Coast Bldg. & Supply Co. v. Int'l Bhd. of Elec. Workers, Local No. 480, AFL-CIO*, 460 F.2d 105, 108 (5th Cir. 1972). Moreover, the one-year limitation is not tolled by an appeal and cannot be circumvented by the use of Rule 60(b)(6). *Id.*

After the one-year period for filing a Rule 60(b)(3) motion has passed, a party may bring an independent action for relief under Rule 60(d), which allows a court to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3); *Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1551 (11th Cir. 1985). The "fraud on the court" standard is more exacting than the standard for fraud under Rule 60(b)(3), encompassing only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated. *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978).[1] To succeed in an action under Rule 60(d), a party must show: (1) a

---

[1] *Rozier* and other cases before 2007 explained the standard under what was then known as the "savings clause" of Rule 60(b), which now appears in Rule 60(d) after the rule was restyled in 2007. *Cf.* Fed. R. Civ. P. 60(b) (2006) *and* Fed. R. Civ. P. 60(d) (2007).

4

judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of defendant; and (5) the absence of any remedy at law. *Travelers Indem. Co.*, 761 F.2d at 1551. The party seeking relief from judgment must establish the fraud by clear and convincing evidence. *Booker*, 825 F.2d at 285.

When events subsequent to the commencement of a lawsuit create a situation in which the court can no longer give the plaintiff meaningful relief, the case is moot and must be dismissed. *Florida Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehabilitative Servs.*, 225 F.3d 1208, 1217 (11th Cir. 2000). An appellant who raises an issue for the first time in a reply brief is deemed to have waived that argument, even if the appellant is *pro se*. *Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003).

Here, the district court did not abuse its discretion by denying Goble's Rule 60 motion for relief from judgment, because he had not shown that a fraud on the court had occurred. First, to the extent that Goble sought the return of his property seized under the temporary restraining order ("TRO"), his motion is moot because that TRO is no longer in effect and none of his property was ever seized. *See Florida Ass'n of Rehab. Facilities, Inc.*, 225 F.3d at 1217. To the extent he was

5

challenging the order granting a protective order and appointing a trustee for the liquidation of NACI, Goble could not obtain relief from that order under Rule 60(b), because his motion was made well after the one-year period for filing Rule 60(b)(3) motions had passed and could not be construed as a Rule 60(b)(6) motion to circumvent the one-year limitation. Fed. R. Civ. P. 60(c)(1); *Gulf Coast Bldg. & Supply Co.*, 460 F.2d at 108.

Finally, Goble did not show the requisite fraud on the court to state an independent action under Rule 60(d)(3). The bankruptcy court's order—which was not binding on the district court in any event—is not relevant to the issue of whether the district court's protective order was appropriate. Because Goble has offered no evidence of fraud apart from conclusory allegations that the SEC falsely accused him of misconduct, the district court did not abuse its discretion in denying his motion for relief from judgment.

## II.

We review a district court's denial of a motion for post-judgment relief *de novo*. *See Maradiaga v. United States*, 679 F.3d 1286, 1291 (11th Cir. 2012). Legal arguments not briefed are deemed abandoned and will not be addressed, even when the party is *pro se*. *Irwin v. Hawk*, 40 F.3d 347, 347 n.1 (11th Cir. 1994).

The filing of a notice of appeal divests the district court of jurisdiction over those aspects of the case that are the subject of the appeal. *Doe v. Bush*, 261 F.3d 1037, 1064 (11th Cir. 2001). A district court lacks jurisdiction to consider a motion that is inextricably intertwined with issues addressed in orders that are the subject of a pending appeal. *RES-GA Cobblestone, LLC v. Black Constr. & Dev., LLC*, 718 F.3d 1308, 1314 (11th Cir. 2013). Issues are inextricably intertwined if one issue may not be resolved without deciding the other issue. *See Edwards v. Prime Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (finding that this Court lacked jurisdiction to review an order denying a motion to reassign the case to another judge, because review of the certified issues did not require resolution of that issue).

Because he does not argue on appeal that the district court had jurisdiction to grant his motion to compel, Goble has abandoned that argument. *Irwin*, 40 F.3d at 347 n.1. The district court's determination was correct, however, because Goble's motion to compel was inextricably intertwined with the issues raised in his motion for relief from judgment. *RES-GA Cobblestone*, 718 F.3d at 1314. For the district court to decide whether Goble was entitled to the relief sought in his motion to compel, it would necessarily have had to determine whether the fraud on the court alleged in his Rule 60 motion had occurred, which was an issue in his appeal of the Rule 60 motion. Goble's filing of a notice of appeal as to the denial of his Rule 60

7

motion therefore divested the district court of jurisdiction over his motion to compel.  *Bush*, 261 F.3d at 1064.  The district court did not abuse its discretion in denying Goble's motion to compel.

For the foregoing reasons,[2] the judgment of the district court is

**AFFIRMED.**

---

[2] Other arguments raised on appeal by Goble are rejected as without merit.